■ ARLINE WECKER, Appellant, v RACHEL FRANCO et al., Respondents. [871 NYS2d 338]—

The plaintiff was a passenger in a taxicab owned by the defendant NY Linda Cab Corp. and driven by the defendant Marc Alexis, which collided with a vehicle owned by the defendant Honda Lease Trust (hereinafter Honda), leased to the defendant Rachel Franco, and operated by the defendant Albert Shammah. The plaintiff commenced this action to recover damages for personal injuries.

After a trial on the issue of liability, the jury found the defendant Shammah 70% at fault in the happening of the accident and the defendant Alexis 30% at fault. At issue during the trial on damages was whether the plaintiff sustained a "serious injury" within the meaning of the no-fault law. During that portion of the trial, counsel for the defendants Franco, Honda, and Shammah read into evidence a portion of the defendant Alexis' deposition testimony regarding the speed at which the taxi was traveling prior to the accident and the damage incurred by the taxi after the accident, in an effort to show that the impact between the vehicles was slight.

Thereafter, the plaintiff attempted to read a different portion of Alexis' deposition testimony to the jury, wherein Alexis claimed, inter alia, that his back and neck hurt after the accident. The Supreme Court precluded the plaintiff from reading this portion of Alexis' deposition testimony. The plaintiff contends that this was reversible error. The jury rendered a verdict after the damages trial finding that the plaintiff did not sustain a serious injury within the meaning of the No-Fault Law.

Assuming arguendo that the Supreme Court erred in precluding the plaintiff from reading the requested portion of Alexis' deposition testimony into evidence (*see* CPLR 3117 [b]; *Powers v Metropolitan Transp. Auth.*, 289 AD2d 216 [2001]), the error was harmless. Viewing the trial record in its entirety, the error did not result in prejudice to the plaintiff and, thus, the judgment should not be disturbed (*see Feldsberg v Nitschke*, 49 NY2d 636, 645-646 [1980]; *Duncan v Corbetta*, 178 AD2d 459 [1991]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.