Unifiller Sys., Inc. v Melita Corp. (2015 NY Slip Op 03151)





Unifiller Sys., Inc. v Melita Corp.


2015 NY Slip Op 03151


Decided on April 15, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 15, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
L. PRISCILLA HALL
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2013-03143
 (Index No. 10907/12)

[*1]Unifiller Systems, Inc., doing business as Uni- Systems, appellant, 
v
Melita Corp., doing business as JMJ Baking, respondent.


Guy Mitchell Lewitt, Ellenville, N.Y., for appellant.
Klein Varble & Associates, P.C., Poughkeepsie, N.Y. (John C. Wirth, Jr., of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered December 4, 2012, which granted the defendant's motion pursuant to CPLR 317 to vacate a judgment of the same court entered July 24, 2012, upon the defendant's failure to appear or answer.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to vacate the judgment is denied.
CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Grosso v MTO Assoc. Ltd. Partnership, 12 AD3d 402).
The defendant, which was served with process by delivery of copies of the summons and complaint to the Secretary of State, failed to demonstrate that it did not receive personal notice of the summons in time to defend the action (see Clover M. Barrett, P.C. v Gordon, 90 AD3d 973; Coyle v Mayer Realty Corp., 54 AD3d 713; SFR Funding, Inc. v Studio Fifty Corp., 36 AD3d 604). The defendant did not submit any admissible evidence substantiating its assertion that it did not receive the summons and complaint that was served upon it because, either in December 2009 or sometime in 2010, it had "moved from" the address in Queens County that was on file with the Secretary of State to an address in Bronx County. Indeed, that assertion was refuted by the plaintiff's submissions, including evidence indicating that the defendant continued to receive mail, as well as delivery of equipment, at that address in Queens County long after it allegedly moved to Bronx County.
Accordingly, the Supreme Court should have denied the defendant's motion pursuant [*2]to CPLR 317 to vacate a default judgment entered against it on July 24, 2012.
RIVERA, J.P., HALL, ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court