■ Xiao Lou Li, Appellant, v China Cheung Gee Realty, LLC, et al., Respondents. [32 NYS3d 198]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated May 28, 2015, which granted the defendants' motion to vacate a prior order of the same court dated September 24, 2014, granting his motion for leave to enter a default judgment against the defendants on the issue of liability, upon their failure to appear or answer the complaint, and setting the matter down for an inquest on the issue of damages.

Ordered that the order dated May 28, 2015, is reversed, on the law, with costs, the defendants' motion to vacate the order dated September 24, 2014, is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action

upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]; *Schacker Real Estate Corp. v 553 Burnside Ave., LLC*, 133 AD3d 586, 587 [2015]; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d 974, 975 [2014]). "A defendant seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (*Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012]; *see Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973 [2011]). Both CPLR 317 and 5015 (a) (1) "assume personal jurisdiction exists over the defaulting defendant and provide that party with an opportunity to open the default and contest the merits of the plaintiff's claim" (*Caba v Rai*, 63 AD3d 578, 580 [2009]; *see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:1). "If the defaulting defendant asserts that the court lacked personal jurisdiction over him or her, the defendant should seek dismissal of the action under CPLR 5015 (a) (4)" (*Caba v Rai*, 63 AD3d at 580).

On March 29, 2014, the Supreme Court acquired personal jurisdiction over the defendant Xiao Hong Zhu when the plaintiff's process server delivered the summons and complaint to a person of suitable age and discretion at Xiao Hong Zhu's "usual place of abode" in Brooklyn (CPLR 308 [2]). On April 1, 2014, the court acquired personal jurisdiction over the defendant China Cheung Gee Realty, LLC (hereinafter China Cheung Gee Realty), when the plaintiff's process server delivered the summons and complaint to the Secretary of State pursuant to Limited Liability Corporation Law § 303. China Cheung Gee Realty listed Xiao Hong Zhu's address in Brooklyn as its address with the Secretary of State. In an order dated September 24, 2014, the court granted the plaintiff's motion for leave to enter a default judgment against the defendants on the issue of liability, upon their failure to appear or answer the complaint, and set the matter down for an inquest on the issue of damages. In an order dated May 28, 2015, the court granted the defendants' motion to vacate the order dated September 24, 2014. The plaintiff appeals from the order dated May 28, 2015.

In support of their motion to vacate the order dated September 24, 2014, the defendants proffered, inter alia, a conclusory and unsubstantiated affidavit of Xiao Hong Zhu, who averred that she was a member of China Cheung Gee Realty, and that in November 2013, she and China Cheung Gee Realty moved

to another unspecified location, and no longer used the address in Brooklyn as their address. She averred that neither she nor China Cheung Gee Realty received a copy of the summons and complaint in time to defend the action since those papers were delivered to their old address.

In opposition, the plaintiff proffered evidence that, as of January 2015, the Secretary of State and the New York City Department of Finance listed the address in Brooklyn as China Cheung Gee Realty's address, and that none of the plaintiff's counsel's mailings to the defendants, including additional copies of the summons and complaint, were returned to the plaintiff's counsel (cf. Drillman v Marsam Realty 13th Ave., LLC, 129 AD3d 903 [2015]). The defendants did not rebut the plaintiff's evidence (see Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821 [2012]). Accordingly, Xiao Hong Zhu's affidavit, which was submitted on behalf of herself and the defendant China Cheung Gee Realty, amounted to nothing more than a denial of receipt of the summons and complaint, which is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317 (see Capital Source v AKO Med., P.C., 110 AD3d 1026, 1027 [2013]; Stevens v Charles, 102 AD3d 763, 765 [2013]; Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012]; Clover M. Barrett, P.C. v Gordon, 90 AD3d at 973-974; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081 [2011]).

Similarly, Xiao Hong Zhu's affidavit was insufficient to establish a reasonable excuse for the defendants' default pursuant to CPLR 5015 (a) (1) (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141-142; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975; Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d at 821; Sussman v Jo-Sta Realty Corp., 99 AD3d at 788).

In light of the foregoing, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015 (a) (1) (see Capital Source v AKO Med., P.C., 110 AD3d at 1027; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724, 725 [2013]).

Accordingly, the Supreme Court should have denied the defendants' motion to vacate the order dated September 24, 2014. Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.