■ PETER J. COLLINS, Appellant, v 7-11 CORPORATION, Defendant, and 1056 MOTOR PARKWAY ASSOCIATES, LLC, et al., Respondents. [45 NYS3d 536]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Mahon, J.), entered April 29, 2014, which, upon a jury verdict on the issue of liability in favor of the defendants 1056 Motor Parkway Associates, LLC, and Zenith Management, LLC, is in favor of those defendants and against him dismissing the complaint insofar as asserted against them, and (2) an order of the same court entered January 6, 2015, which denied his motion pursuant to CPLR 4404 to set aside the jury verdict and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs payable by the plaintiff to the defendants 1056 Motor Parkway Associates, LLC, and Zenith Management, LLC.

The plaintiff commenced this action to recover damages for personal injuries he sustained after falling into a pothole in a parking lot owned by the defendant 1056 Motor Parkway Associates, LLC, and managed by the defendant Zenith Management, LLC (hereinafter together the defendants). At the trial on the issue of liability, the plaintiff sought to introduce, pursuant to CPLR 3117 (a) (3) (iv), deposition testimony of a witness whom he was unable to locate. The Supreme Court denied this request. The jury returned a verdict in favor of the defendants and against the plaintiff, and judgment was entered accordingly. After the trial, the plaintiff moved pursuant to CPLR 4404 to set aside the jury verdict and for a new trial on the basis of juror misconduct and juror confusion, submitting the postverdict affidavits of two jurors. The court denied the motion. The plaintiff appeals from the judgment and the order.

The plaintiff correctly contends that the Supreme Court improvidently exercised its discretion in denying his request to introduce the deposition testimony of the missing witness pursuant to CPLR 3117 (a) (3) (iv), as he demonstrated "diligent efforts" in attempting to procure the missing witness (CPLR 3117 [a] [3] [iv]). However, this error was harmless, as, viewing the trial record in its entirety, the error did not result in prejudice to the plaintiff (see CPLR 2002; *Wecker v Franco*, 57 AD3d 974, 975 [2008]; *Padovani v Miller*, 44 AD3d 917, 917-918 [2007]).

Contrary to the plaintiff's contentions, the Supreme Court properly denied his motion pursuant to CPLR 4404 to set aside the jury verdict and for a new trial. Even if the allegations of juror misconduct were true, a new trial was not warranted because there was no evidence of prejudice to the plaintiff (see *Alford v Sventek*, 53 NY2d 743, 745 [1981]; *LaChapelle v McLoughlin*, 68 AD3d 824, 826 [2009]). The plaintiff's argument regarding juror confusion is improperly raised for the first time on appeal in his reply brief (see *Matter of Corrigan v Orosco*, 84 AD3d 955, 956 [2011]; see e.g. *Lahens v Town of Hempstead*, 132 AD3d 954, 956 [2015]). Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.