Moran v Grand Slam Ventures, LLC (2018 NY Slip Op 02776)





Moran v Grand Slam Ventures, LLC


2018 NY Slip Op 02776


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-10580
 (Index No. 8291/14)

[*1]James Moran, appellant, 
v
Grand Slam Ventures, LLC, respondent, et al., defendants.


James Moran, Bethpage, NY, appellant pro se.
Siegel & Reiner, LLP, New York, NY (Richard H. Del Valle of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for trespass and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 21, 2016, which granted the motion of the defendant Grand Slam Ventures, LLC, pursuant to CPLR 317 to vacate a prior order of the same court dated February 17, 2016, granting the plaintiff's motion for leave to enter a default judgment against it on the issue of liability upon its failure to appear or answer the summons with notice, to vacate the note of issue for an inquest on the issue of damages, and to extend its time to file a notice of appearance and demand for a complaint.
ORDERED that the order entered September 21, 2016, is reversed, on the law, with costs, and the defendant's motion is denied.
CPLR 317 provides that a person served with a summons, other than by personal delivery to him or her, who does not appear, may be allowed to defend the action within one year after he or she obtains knowledge of entry of the judgment upon a finding of the court that he or she did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). "The mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317" (Goldfarb v Zhukov, 145 AD3d 757, 758). Here, the defendant Grand Slam Ventures, LLC (hereinafter Grand Slam), failed to establish that it did not personally receive notice of the summons in time to defend the action. The affidavit of Grand Slam's managing member averring that Grand Slam moved its office to an unspecified address in 2010, five years before the action was commenced, and failed to update its address on file with the Secretary of State, was not sufficiently detailed or substantiated to establish lack of actual notice of the action (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 725-726; Unifiller Sys., Inc. v Melita Corp., 127 AD3d 961, 962; cf. Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731; Ferguson v Shu Ham Lam, 59 AD3d 387, 388). In light of the foregoing, it is unnecessary to determine whether Grand Slam demonstrated the existence of a potentially meritorious defense (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726). [*2]Accordingly, the Supreme Court should have denied Grand Slam's motion pursuant to CPLR 317 to vacate a prior order granting the plaintiff's motion for leave to enter a default judgment on the issue of liability against Grand Slam, to vacate the note of issue for an inquest on the issue of damages, and to extend its time to file a notice of appearance and demand for a complaint.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court