Dwyer Agency of Mahopac, LLC v Dring Holding Corp. (2018 NY Slip Op 06001)





Dwyer Agency of Mahopac, LLC v Dring Holding Corp.


2018 NY Slip Op 06001


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-09096
2016-11201
 (Index No. 1130/15)

[*1]Dwyer Agency of Mahopac, LLC, et al., respondents,
v
Dring Holding Corp., appellant.


Benjamin Foley (Mitchell Perry, Briarcliff Manor, NY, of counsel), for appellant.
Calhoun & Lawrence, LLP, White Plains, NY (Clinton W. Calhoun III of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Putnam County (James F. Reitz, J.), dated July 14, 2016, and (2) an order of the same court dated September 19, 2016. The order dated July 14, 2016, denied the defendant's motion to vacate a prior order of the same court dated November 18, 2015 (Lewis J. Lubell, J.), granting the plaintiffs' motion for leave to enter a default judgment against it. The order dated September 19, 2016, insofar as appealed from, in effect, upon reargument, adhered to the original determination in the order dated July 14, 2016.
ORDERED that the appeal from the order dated July 14, 2016, is dismissed, as that order was superseded by the order dated September 19, 2016, made, in effect, upon reargument; and it is further,
ORDERED that the order dated September 19, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action to recover attorney's fees, costs, and related expenses incurred in connection with their enforcement of a judgment against the defendant pursuant to an agreement between the parties. The defendant failed to appear, answer, or move with respect to the instant complaint. The plaintiffs thereafter moved for and were granted leave to enter a default judgment in an order dated November 18, 2015 (hereinafter the default order). After an inquest, a judgment was entered in favor of the plaintiffs and against the defendant in the principal sum of $17,302.22 (hereinafter the judgment).
Approximately four months after the Supreme Court issued the default order, and approximately one month after the judgment was entered, the defendant moved to vacate the default order pursuant to CPLR 317 and 5015(a)(1). The plaintiffs opposed the motion. In an order dated July 14, 2016, the court denied the defendant's motion. The defendant then moved, inter alia, for leave to reargue its motion to vacate the default order. In an order dated September 19, 2016, the [*2]court, inter alia, in effect, upon reargument, adhered to the original determination in the order dated July 14, 2016. The defendant appeals.
CPLR 317 provides that a person served with a summons, other than by personal delivery to him or her, who does not appear, may be allowed to defend the action within one year after he or she obtains knowledge of entry of the judgment upon a finding of the court that he or she did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Moran v Grand Slam Ventures, LLC, 160 AD3d 944, 945). However, the "mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317" (Goldfarb v Zhukov, 145 AD3d 757, 758; see Moran v Grand Slam Ventures, LLC, 160 AD3d at 945; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164). Here, the defendant failed to establish that it did not personally receive notice of the summons in time to defend the action. The affidavit of the defendant's "representative," who appears to be its attorney, stated that the complaint was not delivered "personally" to the defendant, but rather, "to an inaccurate address through the Secretary of State," which address had not been valid "for several years." This representative's affidavit does not appear to be based on personal knowledge. Furthermore, there is no allegation contained in this affidavit that the defendant, in fact, never received the summons and complaint, nor is there any detail as to where the defendant moved to and when, nor whether the defendant made any efforts to update its address on file with the Secretary of State. Under these circumstances, the defendant did not demonstrate lack of actual notice of the action (see Moran v Grand Slam Ventures, LLC, 160 AD3d at 945; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 725-726).
In contrast to a motion pursuant to CPLR 317, on a motion pursuant to CPLR 5015(a)(1), the movant is required to establish a reasonable excuse for his or her default. In general, a defendant's failure to keep a current address on file with the Secretary of State does not constitute a reasonable excuse (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975; Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788; Bontempts v Aude Constr. Corp., 98 AD3d 1071, 1072; Castle v Avanti, Ltd., 86 AD3d 531). However, there is no per se rule that a corporation served through the Secretary of State, and which failed to update its address on file there, cannot demonstrate an "excusable default." Rather, a court should consider, among other factors, the length of time for which the address had not been kept current (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143). Here, no evidence was presented as to how long the address was not updated. Accordingly, the defendant failed to establish a reasonable excuse for its default.
In light of the foregoing, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726). Accordingly, we agree with the Supreme Court's determination, in effect, upon reargument, to adhere to its original determination denying the defendant's motion to vacate the default order.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court