Progressive Cas. Ins. Co. v Excel Prods., Inc. (2019 NY Slip Op 02569)





Progressive Cas. Ins. Co. v Excel Prods., Inc.


2019 NY Slip Op 02569


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-09284
 (Index No. 2660/15)

[*1]Progressive Casualty Insurance Company, et al., respondents, 
v
Excel Products, Inc., appellant.


The Rybak Firm, PLLC, Brooklyn, NY (Maksim Leyvi and Andrew S. Fisher of counsel), for appellant.
McCormack & Mattei, P.C., Garden City, NY (Melanie J. Rosen and Debra Ruderman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs are not obligated to pay certain no-fault claims submitted by the defendant, the defendant appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated May 26, 2017. The order denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate a judgment of the same court entered September 3, 2015, upon its failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, for a judgment declaring that they are not obligated to pay certain no-fault claims submitted by the defendant on the grounds that the defendant failed to comply with conditions precedent to coverage or to verify its claims. The plaintiffs served the defendant by delivering a copy of the summons and complaint to the Secretary of State pursuant to Business Corporation Law § 306. After the defendant failed to answer or appear, the plaintiffs moved for entry of a default judgment. The Supreme Court granted the plaintiffs' unopposed motion, and a default judgment was entered on September 3, 2015. On September 10, 2015, the plaintiffs served the defendant with a copy of the judgment with notice of entry. In January 2017, the defendant moved pursuant to CPLR 317 and 5015(a)(1) to vacate the judgment entered September 3, 2015. The court denied the motion, and the defendant appeals.
Pursuant to CPLR 317, a defaulting defendant who was "served with a summons other than by personal delivery" may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Booso v Tausik Bros., LLC, 148 AD3d 1108, 1108; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Service on a corporation through delivery of process to the Secretary of State is not "personal delivery" to the corporation (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142; Booso v Tausik Bros., LLC, 148 AD3d at 1108). A defendant seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the [*2]action (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788).
Here, the defendant's principal submitted an affidavit in support of the motion in which she denied receipt of a copy of the summons and complaint and affirmed that she did not have notice of the action until in or about January 2017. However, the address she listed as the defendant's office was the same as the address that was on file with the Secretary of State. In addition, affidavits of service submitted by the plaintiffs demonstrated that notice of service and other documents in this action were mailed to that address. Under those circumstances, the conclusory and unsubstantiated denial of receipt of the summons and complaint was insufficient to establish that the defendant did not have actual notice of the action in time to defend (see Stevens v Stepanski, 164 AD3d 935, 937; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726; Capital Source v AKO Med., P.C., 110 AD3d 1026, 1027; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453, 454).
Similarly, the affidavit of the defendant's principal was insufficient to establish a reasonable excuse for the defendant's default pursuant to CPLR 5015(a)(1) (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141-142; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). In addition, that branch of the motion which was pursuant to CPLR 5015(a)(1) was untimely, since the motion was not made within one year after the defendant was served with a copy of the judgment with notice of entry (see CPLR 5015[a][1]; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760).
In light of the foregoing, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726; Capital Source v AKO Med., P.C., 110 AD3d at 1027).
The defendant's remaining contentions are improperly raised for the first time on appeal (see Collins v 7-11 Corp., 146 AD3d 931, 932).
Accordingly, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 317 and 5015(1)(1) to vacate the judgment.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court