Beltran v New York City Hous. Auth. (2022 NY Slip Op 04003)

Beltran v New York City Hous. Auth.

2022 NY Slip Op 04003

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2021-00096
 (Index No. 714586/17)

[*1]Rilo Beltran, plaintiff, 
v
New York City Housing Authority, et al., defendants third-party plaintiffs- respondents, et al., defendants; Dimitri Enterprises, Inc., third-party defendant-appellant.

Flanagan Law, PLLC, New York, NY (Richard J. Flanagan of counsel), for third-party defendant-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered December 10, 2020. The order denied the motion of the third-party defendant pursuant to CPLR 317 and 5015(a)(1) to vacate an order of the same court entered November 21, 2019, granting the motion of the defendants third-party plaintiffs for leave to enter a default judgment against it.
ORDERED that the order entered December 10, 2020, is affirmed, without costs or disbursements.
In March 2017, the plaintiff commenced this personal injury action against, among others, the defendants third-party plaintiffs, New York City Housing Authority and Arc Electrical & Mechanical Contractors Corp. (hereinafter together the third-party plaintiffs). On October 11, 2018, the third-party plaintiffs commenced a third-party action against the third-party defendant, Dimitri Enterprises, Inc. (hereinafter Dimitri). The third-party plaintiffs served Dimitri by delivering a copy of the third-party summons and complaint to the Secretary of State pursuant to Business Corporation Law § 306. Dimitri did not appear or answer the third-party complaint. In an order entered November 21, 2019, the Supreme Court granted the third-party plaintiffs' motion for leave to enter a default judgment against Dimitri. In or around July 2020, Dimitri moved pursuant to CPLR 317 and 5015(a)(1) to vacate the order entered November 21, 2019. In an order entered December 10, 2020, the court denied Dimitri's motion. Dimitri appeals.
Pursuant to CPLR 317, "[a] defendant who has been served with a summons other than by personal delivery may be allowed to defend the action within one year after he or she obtains knowledge of entry of the judgment upon a finding of the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Bing Fang Qiu v Cameo Owners Corp., 172 AD3d 802, 803 [internal quotation marks omitted]; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d 836, 837). Although it is not necessary for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for the delay (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141), "to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action" (HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682 [internal quotation marks omitted]; see Taron Partners, LLC v McCormick, 173 AD3d 927, 929; Wassertheil v Elburg, LLC, 94 AD3d 753, 754). Here, Dimitri was not entitled to [*2]relief pursuant to CPLR 317, since the submissions in support of its motion failed to demonstrate that it did not receive actual notice of the third-party summons and complaint in time to defend the third-party action (see Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d 1214, 1216; cf. Leader v Steinway, Inc., 186 AD3d 1209, 1211).
"A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 785; see Jean v Csencsits, 171 AD3d 1149, 1150; Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d at 1216). Here, Dimitri failed to offer a reasonable excuse for its failure to appear or answer the third-party complaint (see Jean v Csencsits, 171 AD3d at 1150; Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d at 1216-1217). Moreover, Dimitri did not provide an excuse for its delay in moving to vacate the order entered November 21, 2019 (see Nanas v Govas, 176 AD3d 956, 957; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Prudence v White, 144 AD3d 655, 656).
In light of the foregoing, it is unnecessary to determine whether Dimitri demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652-653; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812, 814; Goldfarb v Zhukov, 145 AD3d 757, 759).
Accordingly, the Supreme Court properly denied Dimitri's motion pursuant to CPLR 317 and 5015(a)(1) to vacate the order entered November 21, 2019.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court