259 Milford, LLC v FV-1, Inc. (2022 NY Slip Op 06898)

259 Milford, LLC v FV-1, Inc.

2022 NY Slip Op 06898

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-03308
 (Index No. 521691/16)

[*1]259 Milford, LLC, appellant,
v
FV-1, Inc., etc., respondent.

Menashe & Associates, LLP, Montebello, NY (Chezki Menashe of counsel), for appellant.
Greenspoon Marder, LLP, New York, NY (Raspreet Bhatia of counsel), for respondent.

DECISION & ORDER
In an action to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated January 14, 2020. The order granted the defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated April 13, 2017, and a judgment of the same court entered March 28, 2018, and for an extension of time to answer the complaint.
ORDERED that the order dated January 14, 2020, is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the order dated April 13, 2017, and the judgment entered March 28, 2018, and for an extension of time to answer the complaint is denied.
The plaintiff commenced this action to cancel and discharge of record a mortgage pursuant to RPAPL 1501(4). The defendant, the alleged holder of the mortgage, neither answered the complaint nor appeared in the action. Thereafter, the plaintiff moved for leave to enter a default judgment. By order dated April 13, 2017, the Supreme Court granted the plaintiff's unopposed motion, and directed the plaintiff to settle the judgment on notice. The plaintiff served a notice of settlement of judgment, to which the defendant did not respond. The default judgment was entered on March 28, 2018.
On or about June 25, 2019, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the order dated April 13, 2017, and the judgment entered March 28, 2018, and for an extension of time to answer the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant seeking to vacate a judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Emigrant Sav. Bank v Burke, 199 AD3d 652, 652; see Wells Fargo Bank, NA v Arratia, 207 AD3d 598, 599; LaSalle Bank NA v Calle, 153 AD3d 801, 802). Although "[a] motion to vacate a default is addressed to the sound discretion of the motion court" (Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557-558 [internal quotation marks omitted]; see U.S. Bank, N.A. v Dorvelus, 140 AD3d [*2]850, 852), the defaulting party must submit evidence in admissible form establishing both a reasonable excuse for the default and a potentially meritorious cause of action or defense (see OneWest Bank, FSB v Singer, 153 AD3d 714, 715-716; HSBC Bank USA N.A. v Nuteh 72 Realty Corp., 70 AD3d 998, 999; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554).
Here, the defendant failed to provide a "detailed and credible explanation" for the default (OneWest Bank, FSB v Singer, 153 AD3d at 716; see GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). Rather, the defendant submitted only an affidavit of an employee of its loan servicer averring that the defendant's agent for process had emailed the summons and complaint to the servicer, and the complaint had been "routed in error to the incorrect email address within" the servicer, which prevented the servicer from "timely notify[ing] its counsel of the [instant] action." That conclusory and nondetailed allegation does not constitute a reasonable excuse warranting vacatur of the default (see Deutsche Bank Trust Co. Ams. v Hwa Joong Yoon, 204 AD3d 885, 887; OneWest Bank, FSB v Singer, 153 AD3d at 716; see also GMAC v Minewiser, 115 AD3d 707, 708). Therefore, it is not necessary to determine whether the defendant demonstrated a potentially meritorious defense to the action (see Nationstar Mtge., LLC v Brignol, 181 AD3d 881, 882; U.S. Bank N.A. v Grubb, 162 AD3d 823; US Bank, N.A. v Samuel, 138 AD3d 1105, 1107).
Although the defendant expressly moved pursuant to CPLR 5015(a)(1) only, the Supreme Court properly considered whether the defendant set forth grounds to vacate its default pursuant to CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142-143; Peacock v Kalikow, 239 AD2d 188, 189). CPLR 317 provides, in relevant part, that a party served with a summons other than by personal delivery and who does not appear "may be allowed to defend the action within one year after he [or she] obtains knowledge of entry of the judgment . . . upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense." A defendant moving pursuant to CPLR 317 is not required to set forth a reasonable excuse for the delay in answering the complaint (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co, 67 NY2d at 141; Beltran v New York City Hous. Auth., 206 AD3d 873, 874). However, "'to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action'" (HSBC Bank USA, NA v Cherestal, 178 AD3d 680, 682, quoting Taron Partners, LLC v McCormick, 173 AD3d 927, 929; see Beltran v New York City Hous. Auth., 206 AD3d at 874).
Here, the defendant failed to establish that it did not receive actual notice of the summons and complaint in time to defend the action. Although the mere denial of receipt of the summons and complaint is insufficient to establish lack of actual notice for the purpose of CPLR 317 (see HSBC Bank USA, N.A. v Cherestal, 178 AD3d at 682; Wassertheil v Elburg, LLC, 94 AD3d 753, 754; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081-1082), the defendant did not even deny receipt of the summons and complaint. Rather, the defendant's affiant merely averred that the summons and complaint were "routed in error to the incorrect email address" within the servicer. Moreover, the affiant did not set forth the date that the defendant learned of the action, and thus did not show that the defendant lacked notice of the action in time to defend the action (see CPLR 317). Under these circumstances, the defendant failed to show that it lacked notice of the action in time to defend the action (see HSBC Bank USA, N.A. v Cherestal, 178 AD3d at 682; Taron Partners, LLC v McCormick, 173 AD3d at 930; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 725-726). As the defendant did not set forth its lack of notice of the action, it was not entitled to relief pursuant to CPLR 317, irrespective of whether it set forth a potentially meritorious defense to the action (see Beltran v New York City Hous. Auth., 206 AD3d at 874-875; Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652-653; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812, 814).
Accordingly, the Supreme Court should have denied the defendant's motion to vacate the order dated April 13, 2017, and the judgment entered March 28, 2018, and for an extension of time to answer the complaint.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court