Mussenden v Rapid Processing, LLC (2024 NY Slip Op 04075)

Mussenden v Rapid Processing, LLC

2024 NY Slip Op 04075

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-03614
 (Index No. 505094/17)

[*1]David Mussenden, appellant, 
v
Rapid Processing, LLC, respondent, et al., defendant.

Weitzman Law Offices, LLC, New York, NY (Raphael Weitzman of counsel), for appellant.
Dealy, Silberstein & Braverman, LLP, New York, NY (Milo Silberstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 19, 2021. The order granted the motion of the defendant Rapid Processing, LLC, pursuant to CPLR 317 and 5015 to vacate so much of a judgment of the same court dated January 14, 2021, as, upon its failure to appear or answer the complaint, was in favor of the plaintiff and against that defendant, and for an extension of time to answer the complaint.
ORDERED that the order dated April 19, 2021, is reversed, on the law, with costs, the motion of the defendant Rapid Processing, LLC, pursuant to CPLR 317 and 5015 to vacate so much of the judgment dated January 14, 2021, as, upon its failure to appear or answer the complaint, was in favor of the plaintiff and against that defendant, and for an extension of time to answer the complaint is denied, and a subsequent order of the same court dated November 12, 2021, granting the motion of the defendant Rapid Processing, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, is vacated.
In March 2017, the plaintiff commenced this action against the defendant Rapid Processing, LLC (hereinafter the defendant), and another defendant, asserting causes of action sounding in fraud, breach of contract, and fraudulent concealment. The plaintiff served the defendant with the summons and complaint via the Secretary of State, but the defendant did not appear or answer the complaint. In May 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant. In an order dated September 13, 2017, the Supreme Court, among other things, granted that branch of the plaintiff's motion, and on January 14, 2021, a judgment was issued, inter alia, in favor of the plaintiff and against the defendant (hereinafter the 2021 judgment). Thereafter, the defendant moved pursuant to CPLR 317 and 5015 to vacate so much of the 2021 judgment as was in favor of the plaintiff and against the defendant and for an extension of time to answer the complaint. In support of its motion, the defendant submitted, among other things, the affidavit of its manager, who attested that the defendant had not received the summons or complaint or motion for leave to enter a default judgment and that the defendant first received notice of the action when one of its bank accounts was restrained. In opposition, the plaintiff submitted, inter alia, proof of service on the defendant via the Secretary of State and a signed certified mail receipt indicating that the defendant received the summons and complaint from the Secretary of State. By order dated April 19, 2021, the court granted the defendant's motion. The [*2]plaintiff appeals. We reverse.
"CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense" (Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 724-725). Here, the Supreme Court should have denied the defendant's motion to vacate so much of the 2021 judgment as was in favor of the plaintiff and against the defendant and for an extension of time to answer the complaint. The defendant's unsubstantiated denial of receipt of the summons and complaint through the Secretary of State was insufficient to establish lack of actual notice of the action in time to defend (see id. at 726).
In addition, the defendant did not establish a reasonable excuse for its default pursuant to CPLR 5015(a)(1) (see 259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 659; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
In light of the foregoing, we need not reach the issue of whether the defendant demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
Accordingly, the Supreme Court should have denied the defendant's motion to vacate so much of the 2021 judgment as was in favor of the plaintiff and against the defendant and for an extension of time to answer the complaint (see 259 Milford, LLC v FV-1, Inc., 211 AD3d at 661).
In light of our determination, a subsequent order dated November 12, 2021, granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, is vacated as inconsistent with this Court's determination and with the 2021 judgment.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court