Joseph v 5 Jag, LLC (2025 NY Slip Op 03316)

Joseph v 5 Jag, LLC

2025 NY Slip Op 03316

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-01186
 (Index No. 506006/20)

[*1]Vanessa Jean Joseph, appellant,
v
5 Jag, LLC, respondent.

Levine & Slavit, PLLC, New York, NY (Thomas Combs of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Michael B. Weitman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Sharon Bourne-Clarke, J.), dated November 30, 2023. The order granted the defendant's motion pursuant to CPLR 317 to vacate a judgment of the same court dated February 2, 2023, entered upon its default in appearing or answering the complaint, which is in favor of the plaintiff and against the defendant, and to extend the defendant's time to serve an answer.
ORDERED that the order is affirmed, with costs.
In March 2020, the plaintiff commenced this action against the defendant, 5 Jag, LLC, to recover damages for personal injuries the plaintiff alleged she sustained when she slipped and fell on snow and ice on a sidewalk abutting real property located at 1600 Utica Avenue in Brooklyn. The plaintiff alleged the defendant owned the subject property. The defendant was served with the summons and complaint via the Secretary of State. Subsequently, the plaintiff moved for leave to enter a default judgment against the defendant based on the defendant's failure to appear or answer the complaint. In an order dated August 25, 2021, the Supreme Court granted the plaintiff's motion, and a judgment dated February 2, 2023, was entered in favor of the plaintiff and against the defendant in the principal sum of $250,000.
In April 2023, the defendant moved pursuant to CPLR 317 to vacate the judgment and to extend its time to serve an answer. The plaintiff opposed. By order dated November 30, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals. We affirm.
To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a potentially meritorious defense (see Bachvarov v Khaimov, 224 AD3d 724, 726; NYCTL 2015-A Trust v 731 Bergen, LLC, 172 AD3d 1391, 1392). "'[T]here is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay'" (Bachvarov v Khaimov, 224 AD3d at 726 [internal quotation marks omitted], quoting Bing Fang Qiu v Cameo Owners Corp., 172 AD3d 802, 803; see Beltran v New York City Hous. Auth., 206 AD3d 873, 874).
Here, the plaintiff effected service upon the defendant by delivering the summons and complaint to the Secretary of State. However, the defendant's former counsel stated in an affidavit in support of the defendant's motion that the address on file with the Secretary of State for the purpose of service on the defendant was that of the former counsel's former law firm, which ceased maintaining an office at that address in 2011, and that he had not worked at that address since that time. Moreover, the defendant's principal stated in an affidavit in support of the motion that the defendant did not learn of this action until one week prior to moving, inter alia, to vacate the judgment when its property manager was served with a marshal's notice of levy and sale pursuant to the judgment. Thus, the defendant demonstrated that it was served with a summons and complaint other than by personal delivery and that it did not receive actual notice of the summons and complaint in time to defend the action (see Bachvarov v Khaimov, 224 AD3d at 726).
Moreover, the defendant established a potentially meritorious defense to the action. The defendant demonstrated that it was snowing and that inclement weather conditions existed at the time of the accident, raising an issue as to whether the storm-in-progress rule applies to the facts of this case (see Colon v New York City Tr. Auth., 201 AD3d 867, 868).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 317 to vacate the judgment and to extend its time to serve an answer (see Bachvarov v Khaimov, 224 AD3d at 726).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court