US Bank Trust N.A. v Valencia
2026 NY Slip Op 03471
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

US Bank Trust National Association, etc., respondent,
v
Jessica X. Valencia, etc., et al., defendants, Windward Bora, LLC, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-11167, (Index No. 601822/20)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Barry E. Warhit
Susan Quirk, JJ.

Hasbani & Light, P.C., New York, NY (Danielle P. Light and Rafi Hasbani of counsel), for appellant.
Knuckles & Manfro, LLP, Tarrytown, NY (John E. Brigandi of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Windward Bora, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Gary M. Carlton, J.), entered June 26, 2024. The order and judgment of foreclosure and sale, upon an order of the same court dated June 4, 2024, inter alia, denying that branch of that defendant's motion which was pursuant to CPLR 317 to vacate its default in answering the amended complaint, granted the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed, except insofar as it brings up for review the order dated June 4, 2024, inter alia, denying that branch of the motion of the defendant Windward Bora, LLC, which was pursuant to CPLR 317 to vacate its default in answering the amended complaint; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff's predecessor commenced this mortgage foreclosure action against, among others, the defendant Windward Bora, LLC (hereinafter the defendant). Thereafter, the plaintiff's predecessor served the defendant by delivering a copy of the summons and amended complaint to the Secretary of State. The defendant failed to answer the amended complaint. US Bank Trust National Association was thereafter substituted as plaintiff. Subsequently, the defendant moved, inter alia, pursuant to CPLR 317 to vacate its default in answering the amended complaint. The plaintiff opposed the motion, and moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant failed to file opposition papers thereto. In an order dated June 4, 2024, the Supreme Court, among other things, denied that branch of the defendant's motion and granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered June 26, 2024, the [*2]Supreme Court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
"While no appeal lies from a judgment entered upon the default of the appealing party, an appeal from such a judgment brings up for review those matters which were the subject of contest before the Supreme Court" (Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1144 [citation and internal quotation marks omitted]; see Nationstar Mtge., LLC v Yarmosh, 208 AD3d 885, 886). Accordingly, in this case, review is limited to so much of the order and judgment of foreclosure and sale as brings up for review so much of the order dated June 4, 2024, as denied that branch of the defendant's motion which was pursuant to CPLR 317 to vacate its default in answering the amended complaint.
"To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a potentially meritorious defense" (Joseph v 5 Jag, LLC, 239 AD3d 626, 626-627; see NYCTL 2015-A Trust v 731 Bergen, LLC, 172 AD3d 1391, 1392). "[I]t is not necessary for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for the delay" (Beltran v New York City Hous. Auth., 206 AD3d 873, 874; see Bachvarov v Khaimov, 224 AD3d 724, 726).
Here, the defendant failed to demonstrate that it did not receive actual notice of the summons and amended complaint in time to defend the action. The affidavit of the defendant's "Authorized Signor" averring, inter alia, that the defendant's address on file with the Secretary of State was incorrect and, therefore, it "did not receive the commencement papers in a timely manner from the [S]ecretary of State" was not sufficiently detailed or substantiated to establish lack of actual notice of the action (see Moran v Grand Slam Ventures, LLC, 160 AD3d 944, 945; Unifiller Sys., Inc. v Melita Corp., 127 AD3d 961, 962). Since the defendant failed to meet its threshold burden of showing that it never received actual notice of the summons and amended complaint in time to defend the action, we need not consider whether the defendant demonstrated the existence of a potentially meritorious defense (see Grant v City of Mount Vernon, 238 AD3d 1115, 1116-1117).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 317 to vacate its default in answering the amended complaint.
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court