■ CITY OF ALBANY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, v HAMPTON INVESTORS, a Limited Partnership, Appellant, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered November 15, 1990 in Albany County, which denied defendant Hampton Investors' motion to vacate two default judgments entered against it.

On August 17, 1989 plaintiffs served a summons with notice upon defendant Hampton Investors (hereinafter defendant) in an action to recover $250,000 due under an agreement provid-

ing for payments in lieu of real property taxes upon defendant's premises at the corner of State Street and Broadway in the City of Albany. The service was made pursuant to CPLR 308 (2) upon a secretary-receptionist at 560 Lexington Avenue in New York City, the address shown on defendant's business stationery, and a copy was also mailed to defendant at that address. On October 16, 1989 a default judgment was entered. Subsequent to entry of the default judgment, plaintiffs recognized jurisdictional defects in the action and recommenced the lawsuit on April 26, 1990 by personal service of a new summons with notice upon one of defendant's partners, this time seeking $350,000 which included two subsequent unpaid payments.

At 9:03 A.M. on May 17, 1990, plaintiffs entered a second default judgment under the same index number used when entering the previous default judgment on October 16, 1989. At 10:20 A.M. on the same day, attorney Robert Ganz served a notice of appearance on behalf of defendant upon plaintiffs' attorney and filed a copy in the Albany County Clerk's office. The next day, May 18, 1990, Ganz made the instant motion to vacate the two default judgments. In the motion to vacate, defendant relied solely upon CPLR 5015 (a) (4) (relief based upon lack of jurisdiction to render the judgment or order) and specifically declined to address the merits of any defense. In an affidavit supporting defendant's motion to vacate, Bertram Lewis stated that on May 15, 1990 at 4:30 P.M., he telephoned Vincent McArdle, attorney for plaintiffs. Lewis is neither an attorney nor a principal of defendant, but rather is associated with Sybedon Corporation, a firm described as a syndicator which provides financial and other services to defendant.* Lewis avers that McArdle extended defendant's time to appear until May 18, 1990 and that Ganz was retained as counsel on May 15, 1990 and told to act accordingly. In an opposing affidavit, McArdle acknowledged the call but averred that he "neither consented to [n]or denied any extension". Supreme Court denied defendant's motion, giving rise to this appeal.

Plaintiffs concede that the first judgment was void for lack

---

* The office of Sybedon Corporation was shown as defendant's business address and is the location at which the original service of process was made. In an affidavit by Edwin Glickman, a partner of defendant, defendant goes to great length to separate itself from Sybedon and to emphasize the limited role of Sybedon in that part of its motion seeking vacatur of the first default judgment, contending that service upon it at the Sybedon office was invalid.

of jurisdiction *(see, Cooney v East Nassau Med. Group,* 136 AD2d 392). Inasmuch as the action was not properly commenced, the judgment was a nullity and, to that extent, the public records which reflect the existence of a judgment entered on October 16, 1989 should be marked void.

Turning to the May 17, 1990 default judgment, we find that it is a valid judgment. Defendant was concededly properly served and the statutory 20 days in which to appear had expired. In its attack on the first judgment, defendant itself emphasized that it had a limited relationship with Sybedon. Even assuming that an explicit extension agreement had been made with McArdle, Lewis was a stranger to the action and had no authority to enter into a stipulation *(see,* CPLR 2104). Plaintiffs were entitled to disregard the telephone call from Lewis and enter the default judgment. Because defendant specifically stated that it was not seeking relief under CPLR 5015 (a) (1) and did not address the merits of a defense, we need not examine its reliance upon Lewis' interpretation of his conversation with McArdle to support a claim of excusable default *(see, e.g.,* Siegel, 1989 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015 [1991 Supp Pamph], at 564).

Nor do we find merit in defendant's contention that the word "amended" on the second judgment renders it invalid. The second statement for judgment was marked "amended" to distinguish it from the jurisdictionally void first judgment. The mistaken use of the term does not substantively affect the document and is a mere irregularity which may be disregarded (CPLR 2001). Also without merit is defendant's contention that the calculations performed to compute the sum due rendered the judgment void. When, as here, a plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application for the entry of a default judgment may be made to the Clerk (CPLR 3215 [a]).

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by directing that the judgment entered October 16, 1989 be canceled of record, and, as so modified, affirmed.