■ ESSEX CREDIT CORPORATION, Respondent, v THEODORE TARANTINI ASSOCIATES, LTD., Defendant, and THEODORE TARANTINI, Appellant.—Mercure, J.

Defendant Theodore Tarantini (hereinafter defendant) appeals Supreme Court's denial of his motion pursuant to CPLR 317 and 5015 (a) (4) to vacate a default judgment entered in favor of plaintiff. There should be an affirmance. Initially, we reject the contention that plaintiff did not obtain personal jurisdiction over defendant. The affidavits of service and mailing establish prima facie proper service by personal delivery of the summons and verified complaint to David Cooper, a person of suitable age and discretion, at defendant's place of business and the mailing of additional copies of the summons and complaint to defendant's last known residence address *(see,* CPLR 308 [2]), as was ultimately conceded by defendant in Supreme Court. Defendant's allegation that Cooper was not his employee, but was, rather, an independent contractor, is insufficient to raise a legitimate factual issue as to whether Cooper was a person of suitable age and discretion *(see, Guccione v Flynt,* 618 F Supp 164, 169).

Next, although we agree that service under CPLR 308 (2) is

service "other than by personal delivery", so as to avail defendant of the provisions of CPLR 317 *(see, National Bank v Grasso,* 79 AD2d 871; Siegel, NY Prac § 108, at 170-171 [2d ed]), it is our view that defendant has failed to show that he did not personally receive notice of the summons in time to defend, as required by CPLR 317 *(see, Marine Midland Bank v Tooker,* 78 AD2d 755). Rather, defendant's carefully phrased affidavit merely alleges that he "never received a copy of the summons and verified complaint in this action from any person named David Cooper" and that he first became aware of the entry of judgment against him when he learned that a lien had been filed against his residence. Notably, defendant does not deny receiving a copy of the summons and complaint from a person other than Cooper. Finally, for the same reason, defendant has failed to establish a reasonable excuse for his default, thereby precluding relief under CPLR 5015 (a) (1). Under the circumstances, we need not consider whether defendant has made a sufficient showing of a meritorious defense.

Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.