■ WILSON'S HEAVY EQUIPMENT, INC., Respondent, v ROBERT LA VALLEE, Appellant. [754 NYS2d 594] —Carpinello, J. Appeal from an order of the County Court of Franklin County (Main, Jr., J.), entered July 26, 2001, which denied defendant's motion to vacate a default judgment entered against him.

In 1992, defendant leased a piece of heavy equipment from plaintiff for a specific monthly sum ($1,800 per month, plus tax). Alleging that defendant failed to pay the entire balance due for three particular months despite demand, plaintiff commenced this action to recover $3,913.50, plus interest. Defendant defaulted. Six years later, he moved to vacate the default judgment. Following a hearing at which defendant's principal excuse for the default was explored—defendant claimed that he was never personally served with a summons and complaint—County Court denied the motion, prompting this appeal. We now affirm.

Suffice it to say, a sharp factual dispute arose at the hearing concerning whether personal service had been effectuated on defendant. Defendant denied being personally served with a summons and complaint on the date and time attested to in the affidavit of service and in fact denied even being in Franklin County at that time. However, Gerald Jock, who was the undersheriff of the Franklin County Sheriff's Department at the time, unequivocally testified that he personally served defendant with process on November 15, 1993, as attested to in the affidavit of service. Indeed, Jock had a detailed and specific recollection of so doing and identified defendant in court as the person so served. County Court credited Jock's version of events over defendant's version, specifically noting Jock's lack of bias and interest in the matter and characterizing his testimony as "reliable and credible" in contrast to defendant's testimony, which was equivocal and "far less credible." Under these circumstances, we are amply satisfied that the court did not abuse its discretion in denying the motion on the ground that defendant failed to establish a reasonable excuse for the default (*see* CPLR 5015 [a] [1]). This being the case, the issue of whether defendant demonstrated a meritorious defense is academic (*see Select Papers v College Promotions Corp.*, 241 AD2d 675, 676, *lv dismissed* 91 NY2d 956). Moreover, as a final matter, we are satisfied that the complaint sought a judg-

ment for a sum certain such that an inquest was not necessary (*see id.*; *City of Albany Indus. Dev. Agency v Hampton Invs.*, 175 AD2d 466, 468; *John Malasky, Inc. v Mayone*, 54 AD2d 1059, 1060).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.