CONNIE ROBECK, Appellant, v AMIYA PRASAD, Respondent. [775 NYS2d 366]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated February 10, 2003, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In July 2002, the defendant, Dr. Amiya Prasad, was served with the summons and verified complaint in this action at Brookdale University Hospital in Brooklyn pursuant to the deliver and mail provisions of CPLR 308 (2). After a hearing, the Supreme Court dismissed the complaint for lack of personal jurisdiction, finding that the person served at that location, a secretary for another doctor, was not authorized to accept process on behalf of the defendant. We reverse.

The evidence at the hearing demonstrated that while Dr. Prasad ceased to maintain an office for the practice of medicine at that location during 1998, the current telephone directory contained a listing for him at the subject address. Moreover, the process server testified there was a nameplate with Dr. Prasad's name on the office door. In addition, the defendant admitted that he continued to see the plaintiff, as well as other patients, at that location after he ceased to actively maintain his medical office. This evidence was sufficient to satisfy the plaintiff's burden of demonstrating that the defendant held out the address where service was effected as an actual place of business within the meaning of CPLR 308 (6) and that service therefore was valid (*see Vid v Kaufman,* 282 AD2d 739 [2001]; *Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply,* 280 AD2d 360 [2001]). Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.