State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 22, 2015                519969
_____

TAMMY McCORD,

                    Respondent,

         v                              MEMORANDUM AND ORDER

GLEN LARSEN,

                    Appellant.
_____

Calendar Date:  September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____

        Wilson, Bave, Conboy, Cozza & Couzens, PC, White Plains
(Donna L. Cook of counsel), for appellant.

        Mainetti, Mainetti & O'Connor, PC, Kingston (Michael A.
Mainetti of counsel), for respondent.

                    _____

Lahtinen, J.

        Appeal from an order of the Supreme Court (Gilpatric, J.),
entered August 12, 2014 in Ulster County, which, among other
things, denied defendant's motion to vacate a default judgment
entered against him.

        Plaintiff rented an apartment in a building owned by
defendant and allegedly fell at the premises in October 2008 when
a porch railing broke.  She commenced this personal injury action
by filing the summons and complaint in September 2011 and
purported to effect service by the deliver and mail method under
CPLR 308 (2) in October 2011.  Defendant did not answer or
otherwise appear and plaintiff, after at least one unsuccessful
application, eventually obtained a default judgment on the issue
of liability in early April 2013.  In January 2014, defendant

moved to vacate the default under CPLR 317 and 5015 (a) (1), and also to dismiss the action upon the ground that the court lacked personal jurisdiction over him.  Supreme Court denied defendant's motion in its entirety and this appeal ensued.

Where, as here, a jurisdictional issue is raised, such issue should be addressed before the request for a discretionary default vacatur since, "[i]f jurisdiction is found to be lacking, the default judgment, as well as all subsequent proceedings, would be rendered null and void" (State of New York Higher Educ. Servs. Corp. v King, 232 AD2d 842, 843 [1996]; see Roberts v Anka, 45 AD3d 752, 753 [2007], appeal dismissed 10 NY3d 851 [2008]).  If the court finds that it has jurisdiction, the analysis then turns to whether the default should be vacated under CPLR 317 or 5015 (a) (1), the provisions authorizing such relief (see Siegel, NY Prac § 108 [5th ed 2011]).  CPLR 317 is limited to a person who was not personally served and who moves within the specified time frames.  Although that statute does not require establishing a reasonable excuse for the default, it does require a showing that the defendant "'did not personally receive notice of the summons in time to defend and has a meritorious defense'" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986], quoting CPLR 317; see Brightly v Florida N., Inc., 54 AD3d 1127, 1128 [2008]).  "By contrast, CPLR 5015 (a) (1) is available to any defendant against whom a default judgment was entered, provided that the defendant can demonstrate both a reasonable excuse for the default and a potentially meritorious defense" (Caba v Rai, 63 AD3d 578, 580 [2009]; see generally Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C317:2 [comparing CPLR 317 and CPLR 5015 (a) (1)]).

Supreme Court did not err in finding that defendant had been adequately served with the summons and complaint under CPLR 308 (2).  That statute requires, in pertinent part, that service be made upon "a person of suitable age and discretion at [defendant's] actual place of business, dwelling place or usual place of abode" and by thereafter mailing the summons to "his or her last known residence or . . . actual place of business."  For purposes of this statute, an "'actual place of business' shall include any location that the defendant, through regular

solicitation or advertisement, has held out as its place of business" (CPLR 308 [6]). Here, the summons and complaint was personally served upon defendant's former spouse at a residence on Woodcock Mountain Road in the hamlet of Salisbury, Town of Blooming Grove, Orange County, and, within a few days, the summons and complaint was mailed to defendant at such address. Defendant contended that he had moved his landscaping business and personal residence from that location prior to service. Nonetheless, plaintiff produced proof that, among other things, at the time of the deliver and mail service, defendant still advertised the Woodcock Mountain Road location as his business address and he had not changed his address from such location with either the post office or the Department of Motor Vehicles. The record supports finding that Supreme Court had personal jurisdiction (see generally Tracy v Tracy, 69 AD3d 1218, 1219 [2010]; U.S. Bank Natl. Assn. v Vanvliet, 24 AD3d 906, 908 [2005]; Robeck v Prasad, 6 AD3d 690, 690 [2004]).

However, defendant's motion to vacate the default judgment under CPLR 317 should have been granted. It is uncontested that defendant had, in fact, moved out of the Woodcock Mountain Road residence long before service of the summons and complaint. When his former spouse was served in October 2011, she did not attempt to pass the papers onto defendant, but instead wrote a letter shortly thereafter to plaintiff's attorney stating, among other things, that she "cannot and will not accept/hold/transfer any documents addressed to or naming [defendant]." Defendant avers that he did not receive the papers and did not have knowledge of the lawsuit until his former spouse delivered a package of legal papers to him nearly a year and a half later at the end of March 2013. He thereafter moved to vacate the default judgment within less than a year.

Inasmuch as defendant established that he was not served personally, did not receive actual notice of the process in time to defend the action and moved for vacatur in a timely fashion, the remaining element to vacate under CPLR 317 is whether he had a meritorious defense. "[P]ublic policy favors resolution of cases on the merits" (Mead v Singleman, 24 AD3d 1142, 1144 [2005]) and "[t]he quantum of proof required in support of a motion to vacate a default judgment is not as great as that which

is required to oppose a motion for summary judgment" (<u>Dodge v Commander</u>, 18 AD3d 943, 945 [2005]).  Defendant submitted an affidavit acknowledging that he was the owner/landlord of the premises where plaintiff fell, but he maintained that he did not have any actual or constructive notice of the alleged defective condition of the rail.  He stated that there had been no prior complaints about or prior accidents involving the porch rail and he had not observed a defective condition at the premises.  This proof was sufficient under the circumstances to raise a meritorious defense and, accordingly, the default judgment should be vacated.  The remaining issues are academic or without merit.

Peters, P.J., McCarthy and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to vacate the default judgment; motion granted and default judgment vacated upon the condition that defendant serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court