Xiao Hong Wang v Chi Kei Li (2019 NY Slip Op 01362)





Xiao Hong Wang v Chi Kei Li


2019 NY Slip Op 01362


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


101382/10 8516N 8515

[*1] Xiao Hong Wang, Plaintiff-Respondent,
v
Chi Kei Li, et al., Defendants, Chung Cheong Chan, et al., Defendants-Appellants.


Law Offices of Stephen K. Seung, New York (Stephen H. Marcus of counsel), for appellants.
Krause & Glassmith, LLP, New York (Paul Maiorana of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 30, 2018, which, after a hearing, denied defendants Chung Cheong Chan and Pui Yee Chan's application to vacate their default, unanimously affirmed, without costs. Order, same court and Justice, entered July 30, 2018, which denied defendants' motion to renew, unanimously affirmed, without costs.
Plaintiff established by a preponderance of the evidence that defendants Chung Cheong Chan and Pui Yee Chan were properly served pursuant to CPLR 308(2). The testimony from nonparty New York City Department of Finance (DOF) Senior Supervising Assessor for the Borough of Manhattan established that defendant Chung Cheong Chan held 32 Market Street as his actual place of business, because he testified that the DOF was mailing its assessment notices and tax bills between 2008 and 2015 to Chan at that address, and that the July 1, 2008 tax bill was paid in full. Accordingly, defendant Chung Cheong Chan may not now reasonably claim that he was not properly served (see CPLR 308[6]; McCord v Larsen, 132 AD3d 1115, 1117 [3d Dept 2015]; Central City Brokerage Corp. v Acosta, 49 AD3d 455 [1st Dept 2008]).
In addition, plaintiff established by a preponderance of the evidence that defendant Pui Yee Chan was properly served with the complaint at her actual place of business pursuant to CPLR 308(2), because she testified at the hearing that she had tenants in the building and would go to the property when they notified her that they had an issue, which established that she was regularly transacting business at the property.
Contrary to defendants' contention, plaintiff established a presumption of service because the affirmations of service from her process server reflected that the summons was personally served on a "person of suitable age and discretion" at defendants' actual place of business and she was not required to establish that codefendant Cho S. Wong was actually a coworker of defendants or otherwise officially authorized to accept service on their behalf (see Public Adm'r of County of N.Y. v Markowitz, 163 AD2d 100, 100-101 [1st Dept 1990]). The evidence presented by defendants at the hearing failed to refute plaintiff's proof that the summons was delivered to a person of suitable age and discretion at their place of business, and defendants' mere denial of receipt of the summons and complaint failed to rebut the presumption of proper service created by the affidavits of service (see Anderson v GHI Auto Serv., Inc., 45 AD3d 512, 513 [2d Dept 2007]). Although defendants testified that they did not know Wong and asserted that he was not someone of suitable discretion, their testimony was conclusory and was properly not credited by the hearing court. We find that the court's findings should not be disturbed because they are supported by a fair interpretation of the evidence (see Ortiz v Jamwant, 305 AD2d 477, 478 [2d Dept 2003]).
The court properly exercised its discretion in not considering the evidence defendants submitted in support of their motion to renew, because it was based on facts that were or should have been known to them at the time of their original motion to vacate, and there was no explanation as to why those facts were not presented during the hearing (see United States Life Ins. Co. in City of N.Y. v Burke Assoc., 162 AD2d 112 [1st Dept 1990]).
We find that defendants failed to preserve for appellate review the issue of whether they are entitled to vacate the default judgment against them under CPLR 317 (see Costine v St. Vincent's Hosp. & Med. Ctr. of N.Y., 173 AD2d 422, 422-423 [1st Dept 1991]), and we decline to review the issue in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK