Greenwood Realty Co. v Katz (2020 NY Slip Op 06105)





Greenwood Realty Co. v Katz


2020 NY Slip Op 06105


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-02547
 (Index No. 64736/15)

[*1]Greenwood Realty Co., respondent,
v
Alexandra Chan Katz, et al., appellants.


Law Offices of Jordan M. Hyman, PLLC, Rockville Centre, NY, for appellants.
Phillip A. Grimaldi, Jr., Hawthorne, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.) dated February 10, 2016. The order denied the defendants' motion pursuant to CPLR 5015(a) and 317 to vacate a judgment of the same court dated November 24, 2015, entered upon their default in appearing or answering the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, Greenwood Realty Co., and the defendants, Alexandra Chan Katz (hereinafter Katz) and Alexandra Chan, DDS, LLC (hereinafter the LLC), entered into a five-year commercial lease for certain premises located in Westchester County. Approximately 17 months into the lease term, the defendants allegedly terminated the lease. The plaintiff then commenced this action against the defendants, inter alia, to recover damages for breach of the lease. Personal service on Katz was attempted at the address that was listed on the lease and on file with the New York Education Department Office of the Professions, but after these attempts failed, Katz was served by substituted service. The LLC was served through service upon the Secretary of State. After the defendants failed to appear or answer the complaint, a default judgment was entered against them on November 24, 2015. On January 12, 2016, the defendants moved pursuant to CPLR 5015(a) and 317 to vacate the default judgment. The Supreme Court denied the defendants' motion. The defendants appeal.
"Under CPLR 5015(a)(4), a default must be vacated once the movant demonstrates lack of jurisdiction" (Matter of Foreclosure Tax Leins, 144 AD3d 1033, 1034). As to the LLC, service of process here was properly effectuated in accordance with the Limited Liability Company Law (see Limited Liability Company Law § 303). The LLC failed to rebut the presumption of proper service created by the executed affidavits of service upon the Secretary of State (see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317; Lange v Fox Run Homeowners Assn., Inc., 127 AD3d 823, 824). Further, the LLC's request for relief pursuant to CPLR 317 fails because the LLC failed to provide sufficient evidence that it did not receive actual notice of the summons in time to defend the action (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726). The LLC also failed to demonstrate its entitlement to relief pursuant to CPLR 5015(a)(1), as it failed to demonstrate a reasonable excuse for its default (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
Turning to Katz's claim for relief under CPLR 5015(a)(4), contrary to her assertion, [*2]the affidavit of service shows that the due diligence requirement of CPLR 308(4) was satisfied by numerous attempts made to personally serve her at her last known address before relying on affix and mail service (see CPLR 308[4]; McSorley v Spear, 50 AD3d 652, 653; Estate of Waterman v Jones, 46 AD3d 63, 65). Moreover, affixing the summons and complaint to the front gate of the property, rather than the front door, was proper here because the property was clearly marked as private property, did not allow pedestrian access to the front door from the street, and was not open to the public at large (see State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1071; see also Bossuk v Steinberg, 58 NY2d 916, 918-919; F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797).
Katz's unsubstantiated and conclusory assertions that the address used for service of process was incorrect and that she resided in an undisclosed location in Connecticut at the time of service amounted to nothing more than a mere denial of service of process, and were insufficient to establish a reasonable excuse pursuant to CPLR 5015(a), or to establish that Katz did not receive actual notice of the summons in time to defend the action pursuant to CPLR 317 (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221; Pezolano v Incorporated City of Glen Cove, 71 AD3d 970, 970).
In light of the foregoing, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Capital Source v AKO Med., P.C., 110 AD3d 1026, 1027; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724, 725).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's denial of the defendants' motion to vacate the default judgment.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court