Qiang Tu v Li Shen (2021 NY Slip Op 00215)





Qiang Tu v Li Shen


2021 NY Slip Op 00215


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

529588

[*1]Qiang Tu, Respondent,
v
Li Shen, Also Known as Tom Shen, et al., Appellants.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Law Offices of Chen & Associates, PC, New York City (Paul E. Davenport of Whiteman Osterman & Hanna LLP, Albany, of counsel), for appellants.
Woods Oviatt Gilman LLC, Rochester (Robert D. Hooks of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Supreme Court (Baker, J.), entered June 27, 2019 in Chemung County, which, among other things, (1) denied a motion by defendant Finger Lake LLC to, among other things, vacate a default judgment, and (2) denied a motion by defendants Li Shen and Suwei Yang to dismiss the complaint against them.
In 2015, plaintiff, a Chinese national who resides in Newark, Delaware, was approached by an acquaintance regarding a potential opportunity for him to obtain an EB-5 Immigrant Investor Visa by investing $520,000 to purchase an equity interest in defendant Finger Lake LLC, a business entity purportedly created for the purpose of developing a four-story, 100-unit Best Western hotel in the Town of Horseheads, Chemung County.[FN1] Plaintiff subsequently met with defendants Li Shen and Suwei Yang (hereinafter collectively referred to as the individual defendants), the purported sole members of Finger Lake, who represented that they had franchise rights to build a Best Western hotel, were fully capitalized to complete the project and that construction of the hotel would be completed by June 2016 and be operational shortly thereafter. The individual defendants indicated that $20,000 of plaintiff's $520,000 investment would constitute an administrative fee to cover the costs associated with applying for plaintiff's "green card application" and the remaining $500,000 would purchase plaintiff's equity stake in Finger Lake.
Based on these representations, and following certain additional negotiations, on August 18, 2015, plaintiff and the individual defendants executed a share transfer supplemental agreement memorializing the terms of their agreement, which provided, among other things, that Finger Lake and the individual defendants would assume full responsibility for building and managing the hotel project while plaintiff would retain the right to recover his $520,000 investment should he elect not to pursue an immigration visa or was otherwise unable to obtain same. On or about August 28, 2015, the parties subsequently executed a membership agreement. Following execution of these agreements, plaintiff tendered $520,000 to defendants.
In September 2018, plaintiff's visa application was denied and, as a result, plaintiff sought return of his investment from defendants. When no response from defendants was subsequently forthcoming, in January 2019, plaintiff commenced this action, asserting a cause of action for fraud against the individual defendants and cause of action for breach of contract against Finger Lake. Finger Lake failed to answer the complaint or otherwise appear and, in February 2019, the County Clerk entered a default judgment against Finger Lake in the amount of $712,029.80, plus costs and interest, and severed the action as to the individual defendants (see CPLR 3015 [a]).[FN2] In March 2019, Finger Lake moved to vacate the default judgment pursuant to CPLR 5015 and 317 and sought a change of venue from Chemung County to [*2]New York County. In April 2019, the individual defendants separately moved to dismiss the fraud cause of action against them as well as for a change of venue from Chemung County to New York County. Supreme Court denied the motions. Defendants appeal.
A party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) is required to establish a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Lai v Montes, 182 AD3d 646, 648 [2020]; McCue v Trifera, LLC, 173 AD3d 1416, 1417-1418 [2019]). Here, Finger Lake does not dispute that it was properly served with process via personal delivery of copies of the summons and complaint to
the Secretary of State, who, in turn, sent a copy thereof, by certified mail, to the corporate address that Finger Lake had on file for such purposes (see Limited Liability Company Law § 303 [a]). Accordingly, Finger Lake failed to rebut the presumption of proper service created by submission of the affidavit of service demonstrating that service was properly made upon the Secretary of State (see Greenwood Realty Co. v Katz, 187 AD3d 1153, 1153 [2020]).
Finger Lake nevertheless contends that, inasmuch as the summons and complaint were never served on it by personal delivery, it did not receive notice of the lawsuit in time to defend against it and, as it has a meritorious defense, it is entitled to vacatur of the default pursuant to CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142 [1986]).[FN3] To that end, "CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense" (Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 724-725 [2016]). In order to obtain relief pursuant to CPLR 317, however, the moving party must first demonstrate that it "did not receive actual notice of the summons and complaint in time to defend the action" (Capital Source v AKO Med., P.C., 110 AD3d 1026, 1027 [2013] [internal quotation marks and citations omitted]).
In support of its motion to vacate the default, Finger Lake proffered, among other things, the affirmation of Haifan Chen, a member of Finger Lake, who averred that none of Finger Lake's agents or employees was ever served with the summons and complaint. According to Chen, plaintiff should have attempted to serve Finger Lake at the address where the subject hotel was being constructed, as opposed to the address listed in Finger Lake's articles of incorporation and on file with the Secretary of State. Chen's affidavit, however, failed to rebut plaintiff's evidence that Finger Lake was served via the Secretary of State and that plaintiff thereafter mailed a copy of the summons and complaint to Finger Lake pursuant to CPLR 3215, which papers were never returned. Chen's unsubstantiated assertion [*3]regarding the address used for service of process and his conclusory denial that Finger Lake received same, standing alone, was "insufficient to establish a reasonable excuse pursuant to CPLR 5015 (a), or to establish that [Finger Lake] did not receive actual notice of the summons in time to defend the action pursuant to CPLR 317" (Greenwood Realty Co. v Katz, 187 AD3d at 1154; see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726). Accordingly, we need not determine whether Finger Lake demonstrated the existence of a meritorious defense under either CPLR 5015 (a) or CPLR 317 (see Greenwood Realty Co. v Katz, 187 AD3d at 1154; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726; Capital Source v AKO Med., P.C., 110 AD3d at 1027).
We reject Finger Lake's contention that the County Clerk lacked authority to enter the default judgment because the claim was not "for a sum certain or for a sum which can by computation be made certain" (CPLR 3215 [a]). The sole cause of action asserted against Finger Lake was a breach of contract cause of action, with plaintiff seeking return of his $520,000 investment, plus $20,000 in liquidated damages as provided for in the parties' agreement. As there is no dispute as to the amount due on the breach of contract claim, extrinsic proof was not necessary to determine the amount of damages (see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]), and, therefore, the claim was for a sum certain for which the County Clerk appropriately entered a default judgment against Finger Lake (see CPLR 3215 [a]; Wilson's Heavy Equip. v La Vallee, 302 AD2d 806, 806-807 [2003]; Himelein v Frank, 155 AD2d 964, 964 [1989]; John Malasky, Inc. v Mayone, 54 AD2d 1059, 1059-1060 [1976]; compare Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals, 17 AD3d 904, 904-905 [2005], lv dismissed 5 NY3d 824 [2005], lv denied 7 NY3d 712 [2006]).[FN4]
Finally, the individual defendants contend that Supreme Court erred in not dismissing plaintiff's fraud cause of action against them since it is duplicative of the breach of contract claim against Finger Lake. We disagree. Although plaintiff's fraud allegations may be "parallel in many respects to the breach of contract claim" (Gizzi v Hall, 300 AD2d 879, 880 [2002] [internal quotation marks and citation omitted]), to the extent that said claim includes allegations that the individual defendants made intentionally fraudulent misrepresentations for the purpose of inducing him to invest in the hotel project and close on the parties' agreements, said claim is not redundant of the breach of contract claim (see 84 Lbr. Co., L.P. v Barringer, 110 AD3d 1224, 1226 [2013]). Accordingly, Supreme Court appropriately denied the individual defendants' motion to dismiss the fraud cause of action. To the extent not specifically addressed, defendants' remaining arguments have been reviewed and found to be without merit.
Garry, P.J., [*4]Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The investment opportunity presented a legitimate way for plaintiff to potentially obtain an EB-5 immigration visa/green card and legally remain in the United States.

Footnote 2: On February 22, 2019, Supreme Court also issued an order severing the individual defendants from the action, indicating that the judgment was entered solely against Finger Lake.

Footnote 3: Supreme Court never addressed this contention in its order, despite the fact that it was specifically raised in Finger Lake's motion papers.

Footnote 4: The fact that plaintiff's complaint also included a cause of action alleging fraud against the individual defendants did not negate the County Clerk's ability to enter a default judgment against Finger Lake on the breach of contract claim. Although the fraud claim against the individual defendants was not for a sum certain, it involved a separate and distinct party, it was not redundant of the breach of contract cause of action and, therefore, was not rendered academic as a result of the default judgment entered against Finger Lake such that the County Clerk appropriately severed the action with respect to the individual defendants pursuant to CPLR 3215 (a) (see generally Card v Polito, 55 AD2d 123, 126-127 [1976]; Citibank E., N.A. v Minibole, 50 AD2d 1052, 1053 [1975]; compare Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 224 [2011]; Geer, Du Bois & Co. v Scott & Sons Co., 25 AD2d 423, 423-424 [1966]).