Reverse Mtge. Solutions, Inc. v Lawrence (2021 NY Slip Op 06730)





Reverse Mtge. Solutions, Inc. v Lawrence


2021 NY Slip Op 06730


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

531918
[*1]Reverse Mortgage Solutions, Inc., Appellant,
v
Ronald G. Lawrence Jr., Respondent, et al., Defendants.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury (Edward Rugino of counsel), for appellant.
Law Office of Ellen S. Ross, Johnstown (Ellen S. Ross of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Kupferman, J.), entered September 5, 2019 in Fulton County, which granted defendant Ronald G. Lawrence Jr.'s motion to, among other things, vacate a judgment of foreclosure and sale.
In 2012, defendant Ronald G. Lawrence Jr. (hereinafter defendant) executed a home equity conversion mortgage, also known as a reverse mortgage, to secure a note for a maximum principal amount of $120,000. The terms required defendant to pay all taxes and other charges on the mortgaged property and provided that, should he fail to do so, the lender could make the payments and, with the approval of the Secretary of Housing and Urban Development, require immediate payment in full. Defendant failed to pay certain taxes on the property and, in 2015, plaintiff, the assignee of the mortgage, made the required payments and accelerated payment of the entire debt. Plaintiff then commenced this action to foreclose on the mortgage and, upon defendant's default, obtained a judgment of foreclosure and sale in 2018. The ensuing referee's sale ended with plaintiff purchasing the property as the highest bidder.
Defendant thereafter moved to, among other things, vacate the judgment of foreclosure and sale and set aside the referee's deed. After hearing oral argument on the motion, Supreme Court (J. Sise, J.) rendered a decision from the bench in which it determined that defendant was entitled to vacatur and restored the matter to the trial calendar. Plaintiff appeals from the written order of Supreme Court (Kupferman, J.) effectuating that decision.
We affirm. First, Supreme Court and the parties primarily addressed defendant's motion as one to vacate a default pursuant to CPLR 5015 (a) (1), which requires defendant "to establish a reasonable excuse for the default and the existence of a meritorious defense" (Qiang Tu v Li Shen, 190 AD3d 1125, 1126 [2021]; see Bank of N.Y. v Richards, 192 AD3d 1228, 1229 [2021]). A request for vacatur under CPLR 5015 (a) (1) may also be deemed as one pursuant to CPLR 317, however, which does not demand a reasonable excuse for the default and entitles the moving party to vacatur within a year of learning of the entry of a judgment where he or she was not personally served with process, did not receive notice of the action in time to defend and has a meritorious defense (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142-143 [1986]; Gonzalez v City of New York, 65 AD3d 569, 570 [2009]; Executive Motor Car v Allen, 211 AD2d 871, 871-872 [1995]; Pena v Mittleman, 179 AD2d 607, 609-610 [1992]).
Defendant here was not personally served with process, but the record contains an affidavit of service that constitutes prima facie evidence that he was properly served via personal delivery of the summons and complaint to his roommate and mailing of an additional copy to him (see CPLR 308 [2]; Cotter v Dukharan, 110 AD3d 1331, 1332-1333 [2013]). He denied learning about the action [*2]from his roommate, and his roommate averred that she had never told him about receiving the summons and complaint (compare McCord v Larsen, 132 AD3d 1115, 1117 [2015], with Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 641 [2019]). Nevertheless, the affidavit of service also "created a presumption of proper mailing and of receipt," and that presumption was not overcome by defendant's broader, bare assertion that he lacked notice (Cavalry Portfolio Servs., LLC v Reisman, 55 AD3d 524, 525 [2008]; see Engel v Lichterman, 62 NY2d 943, 944-945 [1984]; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 785-786 [2010]). Defendant therefore failed to establish that he had either the reasonable excuse for default required by CPLR 5015 (a) (1) or the lack of notice of the action required by CPLR 317 (see Bedessee Imports, Inc. v Najjar, 170 AD3d at 641-642; Cotter v Dukharan, 110 AD3d at 1333).
Having said that, we nonetheless conclude that Supreme Court properly granted the relief requested. It is well established that both the trial court and this Court have inherent power to vacate a "judgment[] 'for sufficient reason and in the interests of substantial justice'" beyond the grounds set forth in CPLR 5015 (State of New York v Moore, 179 AD3d 1162, 1162-1163 [2020], quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; accord Matter of Braunstein, 194 AD3d 1165, 1166 [2021]; see State of New York Mtge. Agency v Braun, 182 AD3d 63, 78 [2020]). Whether to vacate a prior order or judgment "is addressed to the court's 'sound discretion, subject to reversal only where there has been a clear abuse of that discretion'" (Pritchard v Curtis, 101 AD3d 1502, 1503 [2012], quoting Maddux v Schur, 53 AD3d 738, 739 [2008]; see Matter of Braunstein, 194 AD3d at 1166). Further, "[i]n exercising its discretion, the . . . court should 'consider the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief'" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013], quoting 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.03; see Hodge v Development at Helderberg Meadows, LLC, 114 AD3d 1122, 1123 [2014]).
Defendant points out that the mortgage affords him, with certain exceptions that are not relevant here, the right to correct the conditions that caused acceleration of the entire debt and, "even after foreclosure proceedings are instituted," obtain reinstatement of the mortgage. The mortgage further specifies that defendant is not required to immediately pay the foreclosure expenses prior to obtaining reinstatement, as such would be added to the loan principal secured by the mortgage. Defendant was, in other words, entitled to reinstatement under the mortgage by doing nothing more than repaying plaintiff the approximately $3,100 in property taxes that it had paid.[FN1] Plaintiff failed to alert defendant of that fact after it accelerated the debt, however, instead [*3]warning him that it would bring suit unless he paid the full amount owed of over $64,000. Thereafter, when defendant became aware that a foreclosure judgment had been entered in this action, plaintiff responded to defendant's efforts to serve an answer and complain about plaintiff's conduct by stressing its right to accelerate the entire debt, declining to mention defendant's right of reinstatement and failing to engage with his attempts to negotiate a resolution. We fully agree with Supreme Court that the foregoing presents "unique" and compelling circumstances — and, indeed, suggests that plaintiff engaged in the sort of "bad faith, fraud, oppressive or unconscionable conduct" that would warrant preventing it from foreclosing upon the mortgage — and the interests of substantial justice will therefore be served by vacating the foreclosure judgment and sale and affording defendant the opportunity to either obtain reinstatement of the mortgage or raise such defenses "by answer where they may be decided after trial and full hearing of all the evidence by the trial court" (Ferlazzo v Riley, 278 NY 289, 292 [1938]; see Lubitz v Vighneswana Capital Group, 79 AD2d 983, 985-986 [1981]; see also River Bank Am. v Daniel Equities Corp., 213 AD2d 929, 930 [1995]). Thus, Supreme Court did not abuse its sound discretion in vacating the judgment of foreclosure and setting aside the referee's sale.
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Although the mortgage and then-applicable regulations permitted plaintiff to pay carrying charges owed by defendant and accelerate the debt, we are unpersuaded by plaintiff's argument that such somehow impacted defendant's separate contractual right to compensate plaintiff for its outlays and obtain reinstatement of the mortgage (cf. Onewest Bank, FSB v Smith, 135 AD3d 1063, 1064-1065 [2016]).