Matter of CCAP Auto Lease Ltd. v Savannah Car Care, Inc. (2022 NY Slip Op 06975)

Matter of CCAP Auto Lease Ltd. v Savannah Car Care, Inc.

2022 NY Slip Op 06975

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

534459
[*1]In the Matter of CCAP Auto Lease Ltd., Respondent,
v
Savannah Car Care, Inc., Appellant, et al., Respondent. Navin Lalman, Appellant.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Steven G. Legum, Mineola, for appellants.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for CCAP Auto Lease Ltd., respondent.

McShan, J.
Appeal from an order of the Supreme Court (James H. Ferreira, J.), entered November 8, 2021 in Albany County, which, in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, denied a motion by Navin Lalman and respondent Savannah Car Care, Inc. to vacate prior default orders.
Petitioner is the titled owner of a vehicle that was brought to respondent Savannah Car Care, Inc. (hereinafter respondent) for repairs. After the vehicle was repaired and went unclaimed, respondent placed a garagekeeper's lien on the vehicle in the amount of $25,415. Petitioner then commenced this combined proceeding and action by order to show cause seeking, among other things, to declare the lien null and void pursuant to Lien Law § 201-a and for return of the vehicle. In June 2019, Supreme Court granted the petition/complaint on default and, among other things, declared the lien null and void and directed that the subject vehicle be returned to petitioner.
Petitioner thereafter brought a contempt application against respondent, alleging that respondent failed to comply with the June 2019 order and judgment. Respondent did not respond and, accordingly, in a November 2019 order, Supreme Court found respondent in contempt and issued a fine in the amount of $38,039. Petitioner then served a subpoena on Navin Lalman, respondent's chief executive officer and president, requesting general information concerning respondent's finances. Having received no response to the subpoena, petitioner brought an application seeking to hold Lalman in contempt for respondent's failure to release the vehicle. Lalman failed to respond and, in a November 2020 order, Supreme Court granted petitioner's application to hold him in contempt and, among other things, issued a fine against him in the same amount it had previously issued in the contempt order against respondent.
Respondent and Lalman (hereinafter collectively referred to as Savannah) thereafter collectively moved to, among other things, vacate the contempt order against Lalman and the order granting the petition/complaint against respondent. Supreme Court denied the motion and this appeal ensued. We affirm.
We turn first to Savannah's jurisdictional argument, which must be addressed before turning to any contentions aimed at the alleged excusable nature of their defaults (see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185 [2d Dept 2019]). Pursuant to CPLR 5015 (a) (4), a court may vacate a judgment upon a showing from the defaulting party that the court "lack[ed] . . . jurisdiction to render the judgment or order" (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307 [2d Dept 2022]; Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779 [2d Dept 2021]). On this appeal, Savannah limit their jurisdictional contention to the order finding Lalman in contempt, arguing that jurisdiction was improper based upon deficient service of the motion on Lalman pursuant to CPLR 308 [*2](2). We disagree.
CPLR 308 (2) allows a party to effectuate personal service by, among other things, "delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons to the person to be served at . . . his or her actual place of business." To this end, Savannah contends that the garage is not Lalman's "actual place of business" since he has been employed full time for another employer. However, CPLR 308 (6) defines the term "actual place of business" as "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business" (see Tulino v Hiller, P.C., 202 AD3d 1132, 1137 [2d Dept 2022]; Robeck v Prasad, 6 AD3d 690, 690 [2d Dept 2004]). The record reveals that Lalman was listed with the Department of State as respondent's chief executive officer and Savannah concedes that Lalman continues to maintain that role. To that end, we find that Lalman's full-time employment with another entity does not nullify his representation to the public that the garage was his actual place of business for purposes of service (see Vid v Kaufman, 282 AD2d 739, 740 [2d Dept 2001]; Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply, 280 AD2d 360, 361 [1st Dept 2001]; see also Columbus Realty Inv. Corp. v Weng-Heng Tsiang, 226 AD2d 259, 259 [1st Dept 1996]). Further, we agree with Supreme Court's determination that the bare assertion contained in Lalman's affidavit that no employee fit the description in the process server's affidavit was insufficient to rebut the presumption of proper service (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1270 [2d Dept 2019]; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2d Dept 2017]; compare Garvey v Global Asset Mgt. Solutions, Inc., 192 AD3d 1597, 1598 [4th Dept 2021]). Accordingly, we find that denial of that part of the motion seeking relief pursuant to CPLR 5015 (a) (4) was proper.
Savannah also contends that Supreme Court erred in refusing to vacate Lalman's default on the contempt order because he established that he did not have actual notice of the proceeding in time to defend (see CPLR 317) and that there was a reasonable excuse for his default (see CPLR 5015 [a] [1]). Pursuant to CPLR 317, a defendant who has been served in a manner other than "personal delivery" may seek to vacate a default judgment upon a showing that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The party seeking relief from default "must establish that it moved to vacate the default within one year after it obtained knowledge of entry of the judgment, that it did not receive notice of the summons in time to defend, that it did not deliberately attempt to avoid service, and that it has a potentially meritorious defense" (Berardi [*3]Stone Setting, Inc. v Stonewall Contr. Corp., 170 AD3d 934, 935 [2d Dept 2019]; see CPLR 317). "By contrast, CPLR 5015 (a) (1) is available to any defendant against whom a default judgment was entered, provided that the defendant can demonstrate both a reasonable excuse for the default and a potentially meritorious defense" (McCord v Larsen, 132 AD3d 1115, 1116 [3d Dept 2015] [internal quotation marks and citations omitted]; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141). The determination as to whether a party has put forth a reasonable excuse or established a lack of notice "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Reverse Mtge. Solutions, Inc. v Lawrence, 200 AD3d 1146, 1148 [3d Dept 2021] [internal quotation marks and citations omitted]; see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1316 [2d Dept 2019], lv dismissed and denied 35 NY3d 931 [2020]).
Although "CPLR 308 (2) is service 'other than by personal delivery,' so as to avail [him] of the provisions of CPLR 317" (Essex Credit Corp. v Tarantini Assoc., 179 AD2d 973, 973-974 [3d Dept 1992]), we find that the various notices sent directly to Lalman, including the information subpoena and the correspondence that followed seeking his compliance, were sufficient to alert him of the proceeding in time to respond in some manner, and his mere denial of receipt of those mailings is insufficient to rebut the presumption of mailing (see Reverse Mtge. Solutions, Inc. v Lawrence, 200 AD3d at 1148; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973, 973-974 [2d Dept 2011]). The foregoing further establishes the lack of any reasonable excuse for Lalman's default on the contempt motion necessary for relief pursuant to CPLR 5015 (a) (1) (see Reverse Mtge. Solutions, Inc. v Lawrence, 200 AD3d at 1148; Ross v Sunrise Home Improvement, 186 AD3d 633, 634 [2d Dept 2020]; Essex Credit Corp. v Tarantini Assoc., 179 AD2d at 973-974).
To the extent that Savannah's brief contends that respondent and Lalman lacked actual notice of the June 2019 judgment, we find their argument without merit.[FN1] We note that the parties raise no dispute that respondent was properly served with the original petition/complaint (see Qiang Tu v Li Shen, 190 AD3d 1125, 1127 [3d Dept 2021]; Ross v Sunrise Home Improvement, 186 AD3d at 634; Stevens v Stepanski, 164 AD3d 935, 937 [2d Dept 2018], lv dismissed 33 NY3d 1014 [2019]; compare Berardi Stone Setting, Inc. v Stonewall Contr. Corp., 170 AD3d at 936) and the record contains proof that petitioner sent various mailings to respondent's address providing notice of the original proceeding and the contempt proceeding against respondent that followed. To this end, Lalman's conclusory suggestion that neither he nor anyone else affiliated with respondent was aware of the proceeding is insufficient to establish that respondent did not have notice of the proceeding in time to defend (see Stevens [*4]v Stepanski, 164 AD3d at 937; Dimopoulos v Caposella, 118 AD3d 739, 741 [2d Dept 2014]).
Savannah's remaining contentions are directed at the merits of their potential defenses, which we need not reach in light of the foregoing (see Federal Natl. Mtge. Assn. v Banks, 198 AD3d 1222, 1225 [3d Dept 2021]; Kelly v Hinkley, 186 AD3d 1842, 1843-1844 [3d Dept 2020]). As to Savannah's contention that the judgment should be vacated in the interest of justice owing to their assertion that they are no longer in possession of the vehicle, we agree with Supreme Court that Lalman's bare statement to this effect, unsupported by any documentary proof, is insufficient to establish their entitlement to relief. We therefore decline to overturn Supreme Court's discretionary determination to deny relief on that basis (see State of New York v Moore, 179 AD3d 1162, 1162-1163 [3d Dept 2020]; Carlson v Dorsey, 161 AD3d 1317, 1318 [3d Dept 2018]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Savannah's brief does not challenge Supreme Court's determination that their motion to vacate the June 2019 order pursuant CPLR 5015 (a) (1) was time-barred and we therefore deem that argument abandoned (see CNB Realty v Stone Cast, Inc., 127 AD3d 1438, 1439 n 2 [3d Dept 2015]).