NYCTL 2019-A Trust v Westside Plaza Realty, LLC

2026 NY Slip Op 02126

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

NYCTL 2019-A Trust, et al., respondents,

v

Westside Plaza Realty, LLC, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-09084, (Index No. 722297/20)

Angela G. Iannacci, J.P.

Linda Christopher

Lourdes M. Ventura

Phillip Hom, JJ.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh and Mark Anderson of counsel), for appellant.

Seyfarth Shaw LLP, New York, NY (Jerry A. Montag of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to foreclose a tax lien, the defendant Westside Plaza Realty, LLC, appeals from an order of the Supreme Court, Queens County (Cassandra A. Johnson, J.), dated May 30, 2024. The order denied that defendant's motion pursuant to CPLR 317 and 5015(a)(1) and (4) to vacate a judgment of foreclosure and sale of the same court entered July 26, 2023, upon its failure to appear or answer the complaint, for leave to serve a late answer, and to set aside the foreclosure sale of the subject property.

ORDERED that the order is affirmed, with costs.

In November 2020, the plaintiffs commenced this action against the defendant Westside Plaza Realty, LLC (hereinafter the defendant), among others, to foreclose a tax lien on certain real property located in Queens (hereinafter the property). According to an affidavit of service of the plaintiffs' process server, the defendant was served by delivery of the summons and complaint to the Secretary of State on December 21, 2020. The defendant failed to appear or answer the complaint. A judgment of foreclosure and sale, upon the defendant's default, was entered on July 26, 2023. In September 2023, a tax lien foreclosure auction was held, and the property was sold. The defendant moved pursuant to CPLR 317 and 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale, for leave to serve a late answer, and to set aside the foreclosure sale of the property. In an order dated May 30, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.

"Under CPLR 5015(a)(4), a default must be vacated once the movant demonstrates lack of jurisdiction" (Matter of Foreclosure of Tax Liens, 144 AD3d 1033, 1034). Here, the defendant failed to demonstrate that the Supreme Court lacked jurisdiction, as the affidavit of service demonstrated that service was properly effectuated upon the Secretary of State in accordance with the Limited Liability Company Law (see Limited Liability Company Law § 303), and the defendant failed to rebut the presumption of proper service created by the affidavit of service (see Greenwood Realty Co. v Katz, 187 AD3d 1153, 1153).

As the Supreme Court correctly determined, CPLR 317 does not apply to this action [*2](see Administrative Code of City of NY § 11-340; NYCTL 1998-2 Trust v Alanis Realty LLC, 176 AD3d 486, 486; NYCTL 2015-A Trust v Diffo Props. Corp., 171 AD3d 538, 538).

"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652; see Nico v Olajitan, 229 AD3d 561, 562). "The determination of what constitutes a reasonable excuse is within the sound discretion of the Supreme Court" (Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245; see Nico v Olajitan, 229 AD3d at 562).

Here, the defendant's conclusory denial of receipt of the summons and complaint served through the Secretary of State did not amount to a reasonable excuse for the defendant's default (see NYCTL 2019-A Tr. v 54 Greene Ave. JV, LLC, 240 AD3d 802, 803; Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317). Contrary to the defendant's contention, the record demonstrates that the address on file with the Secretary of State was correct at the time of service. Even if the defendant's address on file with the Secretary of State was incorrect at the time of service, the defendant nevertheless failed to adequately explain its failure to update its address with the Secretary of State (see Wise v Classon Vil., L.P., 172 AD3d 1444, 1446; NYCTL 2013-A Trust v Heights Houses Corp., 172 AD3d 1078, 1079). In light of the defendant's failure to establish a reasonable excuse for its default, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see Almonte v Soldati Realty, Inc., 231 AD3d 1103, 1105).

The defendant also failed to demonstrate that vacatur was warranted in the interests of substantial justice. In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see LaSalle Bank, N.A. v Delice, 175 AD3d 1283). A court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where "unique or unusual circumstances . . . warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 719). Here, "the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice" (Cox v Marshall, 161 AD3d at 1142).

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale, for leave to serve a late answer, and to set aside the foreclosure sale of the property.

IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court