■ TAMARA VID et al., Appellants, v GLENN J. KAUFMAN et al., Defendants, and PAUL E. KARAFIOL, Respondent. [724 NYS2d 756] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), entered June 19, 2000, which, after a hearing, granted the motion of the defendant Paul Karafiol to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint reinstated insofar as asserted against the respondent.

The plaintiffs commenced this action to recover damages for medical malpractice. In April 1999 the defendant Paul Karafiol was served pursuant to the deliver and mail provisions of CPLR 308 (2) at 1380 Northern Boulevard, the location of the defendant OB/GYN Associates of Long Island, P. C. (hereinafter OB/GYN). The plaintiffs claimed that, at the time of the alleged malpractice, Karafiol shared that practice with the defendant Glen Kaufman. After issue was joined, Karafiol moved to dismiss the action insofar as asserted against him for lack of personal jurisdiction. Karafiol asserted that he had not practiced at OB/GYN since July 1998, as a result of a stroke he suffered in early August 1998, and that he sold his interest in the practice to Kaufman in December 1998. Thus, he argued, the subject address was not his "actual place of business" within the meaning of CPLR 308 (2) at the time of service. The plaintiffs opposed the motion, arguing, *inter alia,* that Karafiol "held out" the address of OB/GYN as his actual place of business within the meaning of CPLR 308 (6). After a hearing, the Supreme Court dismissed the complaint insofar as asserted against Karafiol for lack of personal jurisdiction. We reverse.

In relevant part, CPLR 308 (2) permits personal service on a natural person by delivering a copy of the summons within

this State to a person of suitable age and discretion at the actual place of business of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner. Pursuant to amendments made in 1994 and effective January 1, 1995 (L 1994, ch 131, § 1), CPLR 308 (6) now provides: "For purposes of this section, 'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." Here, the plaintiffs' process server testified at the hearing that he located Karafiol at the subject address through the use of the then-current Nassau County Yellow Pages. After verifying the address through a telephone call to the number listed, he proceeded to the subject address, a professional building, and noted Karafiol's name both on the lobby directory and on the door to the medical practice. He then delivered the summons to the office manager for the practice, who represented that Karafiol was busy and that she would accept service. After signing the summons, the office manager provided the process server with a business card for the practice bearing Karafiol's name. The follow-up mailing was made to the same address. This evidence was sufficient to satisfy the plaintiff's burden of demonstrating that Karafiol held out the address at which he was served as his actual place of business within the meaning of CPLR 308 (6) and that service was valid pursuant to CPLR 308 (2) (*see, Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply,* 280 AD2d 360).

The plaintiffs failed to establish when the subject entry in the Yellow Pages was compiled or verified by the publisher. Furthermore, Karafiol would not be bound by representations made by a former employee, i.e., the office manager (*see, Continental Hosts v Levine,* 170 AD2d 430; *Schurr v Fillebrown,* 146 AD2d 623). However, it strains credulity that Karafiol was unaware of and did not acquiesce in the many and varied representations being made as to his continued relationship with the practice, and that he had no control over the listing of his name on the lobby directory, the door to the office suite, and the business cards of the practice. Rather, his name was not removed from the lobby directory and the door to the practice until after service was effected. Finally, additional support for the conclusion that Karafiol held out the subject address as his actual place of business includes a verified entry in the New York Medical Directory for 1999-2000 listing that address, and, as of July 14, 1999, over three months after service was effected, Karafiol had not yet notified the State Division of Professional Licensing of a change of address (*see, Mel-*

*ton v Brotman Foot Care Group,* 198 AD2d 481; Education Law 6502 [5]; *cf., Balendran v North Shore Med. Group,* 251 AD2d 522). Thus, the complaint insofar as asserted against Karafiol must be reinstated. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.