**UNITE NATIONAL RETIREMENT FUND, f/k/a/ I.L.G.W.U. National Retirement Fund, Plaintiff,**

v.

**ARIELA, INC., et al., Defendants.**

**No. 04–cv–9869 (BSJ).**

United States District Court, S.D. New York.

June 24, 2008.

---

David C. Sapp, for plaintiff Unite National Retirement Fund.

Joseph Lee Matalon, of Matalon & Shweky, for defendants.

### Order

BARBARA S. JONES, District Judge.

Defendant Lee Ades moves to dismiss the complaint of Plaintiff UNITE National Retirement Fund pursuant to Rule 12(b)(5) alleging insufficient service. For the reasons set forth herein, this motion is DENIED.

■ Plaintiff attempted to serve Ades at two locations in New York, New York: 545 Eighth Avenue and 25 Central Park West, which it believed to be, respectively, Defendant's place of business and Defendant's place of residence. According to Ades's declaration, 25 Central Park West is his brother's apartment, and Ades himself has never lived there. (Ades Decl. ¶ 3). "Once a defendant raises a challenge to the sufficiency of process, the plaintiff bears the proof of proving its adequacy." *Preston v. New York*, 223 F.Supp.2d 452, 466 (S.D.N.Y.2002). Since Plaintiff has not responded to Ades's challenge to the Central Park West address, the Court finds process defective at that address and turns its attention to the disputed Eighth Avenue address.

■ Plaintiff asserts that service upon Ades at 545 Eighth Avenue was proper because it complied with New York State personal service rules. Service of the summons and complaint in a federal action is governed by Rule 4(e)(1) of the Federal Rules of Civil Procedure, which provides that "service upon individuals within a judicial district of the United States" may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State." Fed.R.Civ.P. 4(e)(1). Under New York C.P.L.R. § 308(2), service is proper if made at one's "actual place of business." The statute defines "actual place of business" to include "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." C.P.L.R. 308(6).

Here, Ades listed 545 Eighth Avenue— which is the address of a mail forwarding service—as his business address on documents filed with the New York Secretary of State.[1] Ades admits he uses this Eighth Avenue address for the receipt of mail. (Ades Cert. ¶ 4). Such a listing is explicitly contemplated and found to satisfy C.P.L.R. 308(6) in the corresponding practice commentary. N.Y.C.P.L.R. 308 practice commentary C308:7 (McKinney 2001) (finding service satisfied by an address "established by defendant solely for the convenience of receiving business correspondence.").

---

1. *Specifically, the Eighth Avenue address has been listed with the Department* of State as Ades's address as Chairman or CEO of Ariela USA since 2003.

Evaluating the same provisions which this Court now considers, New York state courts have found listing with the state to be evidence that Defendant "held out" an address as his place of business. *See Vid v. Kaufman,* 282 A.D.2d 739, 724 N.Y.S.2d 756, 757 (2d Dep't 2001) ("[S]upport for the conclusion that [Defendant] held out the subject address as his actual place of business includes a verified entry in the New York Medical Directory."). As Defendant made representations with the Secretary of State that 545 Eighth Avenue was his address and "induced reliance on those representations, he is estopped from denying the propriety of that address for the purpose of service of process." *Sartor v. Utica Taxi Ctr., Inc.,* 260 F.Supp.2d 670, 678 (S.D.N.Y.2003).

The Court therefore, finds that service on Ades at the Eighth Avenue address was proper. Accordingly, Ades's motion to dismiss is DENIED.[2] Ades is directed to answer the complaint within 60 days of this ORDER.

This order thus resolves the following motions: documents 20, 52, and 70 in docket number 04–CV–9869.

**SO ORDERED.**

---

**2.** Plaintiff also served Veranda Marketing Company at the 545 Eighth Avenue address. Veranda is a sole proprietorship owned by Ades and a defendant in this action. Veranda has also moved to dismiss Plaintiff's complaint for insufficiency of service. However, the parties have stipulated that Veranda need not separately address the propriety of service at 545 Eighth Avenue and that the Court's decision as to Ades will apply equally to Veranda with respect to service at the Eighth Avenue address. (*See* Stipulation and Order dated October 27, 2005)(also stipulating that "C.P.L.R. § 308(2) governs service of process on sole proprietorships in New York State."). Accordingly, Veranda's pending motion to dismiss for insufficiency of service at 19 West 44th Street is rendered moot by this Order and Veranda is directed to answer the complaint within 60 days of this Order.