| |
|---|
| **Spring Package LLC v Harmonia Holdings Ltd.** |
| 2026 NY Slip Op 30678(U) |
| February 20, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 517286/2025 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 20th day of February 2026.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court
------------------------------------------------------------------x

SPRING PACKAGE LIMITED LIABLITY COMPANY,

          Plaintiff,

        -against-

HARMONIA HOLDINGS LTD., XIAHONG (A/K/A
"SOPHIE") QI, CHUCK ZHANG, GLOBAL
CREATURES, MOULIN ROUGE BROADWAY, MR NA
TOUR LLC—US, MR WEST END LLC—US, MR
AUSTRALIA LLC—US AND FORESIGHT
THEATRICAL,

          Defendants.

------------------------------------------------------------------x

Index No. 517286/2025

Cal. No. 21-24    MS 2,3,6,7

**Decision and Order**

| The following e-filed papers read herein: | NYSCEF Doc. Nos. |
|---|---|
| MS 6 | 66-73; 92-93; 98-101 |
| MS 7 | 75-80; 94-97; 102 |

Motion sequences two and three are deemed withdrawn, having been replaced by motion sequences six and seven. After oral argument and upon the foregoing papers, the separate motions to dismiss plaintiff's First Amended Complaint ("FAC") by defendants, Harmonia Holdings Ltd. ("Harmonia") and Xiaohong (a/k/a "Sophie") Qi ("Qi" and together with Harmonia, the "Harmonia Defendants"); and defendant Chuck Zhang ("Zhang") are decided as follows:

1

[* 1]

According to plaintiff, Spring Package LLC ("Spring Package" or plaintiff) is the investment vehicle through which Harmonia sourced and deployed third-party investor capital into theatrical productions. The investment program began in 2018 when Harmonia solicited outside investor capital to invest on those investors' behalf, including in Moulin Rouge Broadway. In 2019, the investment vehicle was spun out into a separate legal entity called Harmonia Spring Package, LLC. The existing theatrical investments, including the Moulin Rouge Broadway position, were transferred into the new entity, and the contributing investors became members of the LLC. Over time, plaintiff expanded into additional investments, including in other Moulin Rouge productions.

Qi is the chief executive officer and sole shareholder of Harmonia as well as a 15% investor in Spring Package. According to the FAC, Qi conspired to misdirect Spring Package's investment in four Moulin Rouge productions to Harmonia through fraudulent assignments. The FAC alleges that Qi enlisted Zhang to act as a "pigeon" to sign and countersign four assignments including, but not limited to, one dated October 1, 2024 (the "October 1st West End Assignment"), which transferred investments from Spring Package to Harmonia relating to the Moulin Rouge West End production. The FAC alleges that assignments were also created by Harmonia to fraudulently transfer Spring Package's interest in the Broadway, North America and Australia productions of Moulin Rouge. The FAC further alleges that, although Zhang is listed as the Chief Financial Officer ("CFO") in the October 1st West End Assignment and purports to be the authorized signatory for Spring Package (the assignor) and Harmonia (the assignee), Zhang was never the CFO of Spring Package and could only hold that title in Harmonia.

Based on the alleged unauthorized transfers of plaintiff's interest in the entities associated with the different Moulin Rouge productions (MRB Musical LLC and related "MR Entities" who

2

are also named defendants herein), plaintiff brings this action against defendants asserting claims for unjust enrichment, misappropriation, conversion, fraud, civil conspiracy, negligence, breach of contract, intentional interference with contractual relations and negligent interference with contractual relations. Plaintiff alleges that it has ceased receiving distributions from the Moulin Rouge productions, and that, in its stead, a bank account controlled by Harmonia and Qi has been receiving its distributions.

*MS 6: Harmonia Defendants' Motion to Dismiss*

Under motion sequence six, the Harmonia Defendants move, pre-answer, to dismiss the FAC. First, the Harmonia Defendants argue that plaintiff never acquired its membership interests in the MR Entities because the manner in which plaintiff acquired such interests violated New York's LLC Law. Specifically, that (1) plaintiff lacked an operating agreement at the time of acquiring the membership interests; (2) Ken Dingledine ("Dingledine"), who was not a member of plaintiff, illegally assumed the role as plaintiff's manager to acquire membership interests in MRB Musical LLC and the MR Entities; and (3) under NYLLCL § 401(a), only plaintiff's members had the authority to purchase or assign membership interests in MRB Musical LLC and the MR Entities. Because Dingledine was a nonmember, the Harmonia Defendants argue that his acts as a manager of plaintiff were void ab initio.

In addition, the Harmonia Defendants contend that the FAC improperly asserts numerous legal causes of action to recover for the same allegedly invalid 2024 assignment. In addition to the various claims being impermissibly duplicative, the Harmonia Defendants contend the FAC fails to state a claim for unjust enrichment, misappropriation, conversion, fraud and fraudulent inducement, civil conspiracy, negligence, gross negligence, willful misconduct, intentional interference with contractual relations, negligent interference with contractual relations, and

3

[* 3]

punitive damages for the reasons provided in their memorandum of law. Lastly, the Harmonia Defendants argue that Qi cannot be sued in her individual capacity since there are no corporate veil piercing allegations.

In opposition, plaintiff contends that the Harmonia Defendants improperly assume that the absence of a written operating agreement conclusively negates authority, ratification, or member consent. Given that the FAC alleges that Spring Package's members collectively funded, approved, and benefited from the investments at issue over a period of years, and that those investments were reflected in tax reporting, capital accounts, and distributions, plaintiff submits that whether actions taken on behalf of the LLC were authorized or ratified by the LLC's members presents factual questions that cannot be resolved on a CPLR 3211 motion.

Regarding its multiple causes of action, plaintiff asserts that it has plead distinct legal theories based on different duties, elements, and forms of misconduct, many of which do not depend on the existence or breach of a contract at all. According to plaintiff, the FAC alleges conduct that goes beyond nonperformance of a contract, including intentional diversion of funds, false representations of authority, and interference with plaintiff's ownership interests, which implicate duties independent of any contractual relationship. In addition, plaintiff states that New York law expressly permits it to plead alternative and overlapping theories of recovery at the pleading stage.

Regarding Qi, plaintiff contends that the FAC does not seek to impose personal liability on Qi merely because she is Harmonia's CEO or owner and is thus not relying on veil-piercing principles. Rather, that the FAC alleges that Qi is individually liable because she personally participated in, directed, and orchestrated the wrongful conduct at issue.

4

[* 4]

In reply, the Harmonia Defendants re-emphasize that plaintiff fails to state a claim for numerous causes of action. Additionally, the Harmonia Defendants contend that plaintiff's ratification argument regarding Dingledine's actions fails because courts routinely deny ratification claims when the principal's knowledge is incomplete. As for Qi's personal liability, the Harmonia Defendants stress that the FAC fails to allege specific personal conduct beyond Qi's corporate role, only pleading its claims against Qi and Harmonia jointly with conclusory allegations that Qi "orchestrated" or "ratified" conduct allegedly performed by Zhang. The Harmonia Defendants argue that such allegations against Qi are conclusory and thus fail to state a claim against her in her individual capacity.

## *MS 7: Zhang's Motion to Dismiss*

Under motion sequence seven, Zhang contends he is making a limited appearance to contest personal jurisdiction and seeks dismissal of the FAC pursuant to CPLR 3211 (a) (8) and 306-b for lack of personal jurisdiction and failure to effect service within 120 days of the commencement of the action. It is undisputed that plaintiff served Zhang by leaving process with the doorman of Qi's residential apartment building and then mailing a subsequent copy to that address. Zhang submits this attempted service was defective as a matter of law because Qi's apartment is not his actual place of business, dwelling place, or usual place of abode. Further, Zhang states that he does not reside within the State of New York, he is not physically present with regularity at Qi's apartment, and he has never transacted business there. Zhang also points out that plaintiff made no attempt to locate Zhang prior to (or since) attempting to serve him at Qi's residence. Thus, that plaintiff's attempted service failed to comply with the requirements of CPLR 308(2).

5

[* 5]

In addition to the foregoing, Zhang contends that (1) the 120-day statutory period for effecting service has lapsed, and (2) plaintiff fails to demonstrate any reasonable diligence in attempting to locate him. As such, Zhang argues that plaintiff cannot demonstrate the good cause necessary for granting an extension of time to serve under CPLR 306-b and that any such relief should be denied.

In opposition, plaintiff contends Zhang was served at his actual place of business. In this regard, plaintiff states that the principal executive office address of Harmonia, as listed with the New York State Department of State, is 161 West 61st Street in New York, New York. Further, that this address is also the address identified on written assignments Zhang executed in his capacity as Harmonia's CFO by assignments, dated April 1, 2024 and October 1, 2024. Plaintiff points out that Zhang received actual notice of this action and that he fails to identify any alternative location that either he or Harmonia has held out as the official business address.

Even assuming a technical defect in service, plaintiff claims dismissal is not required since CPLR 306-b permits extension of time for service in the interest of justice. Since Zhang had actual notice of this action and plaintiff acted in good faith by effectuating service at the only executive office address available, plaintiff submits dismissal would be unwarranted.

In reply, Zhang argues plaintiff's offer of proof is insufficient because the contracts do not state that 161 West 61st Street is his business address, or even that he even transacts business there. Rather, they simply recite Harmonia's corporate address. Zhang emphasizes that he has never held 161 West 61st Street out to be his address in either his email, the phone book, public registrations, advertisements, or solicitations of any kind. Consequently, Zhang submits that plaintiff's only purported evidence cannot satisfy the "regular solicitation or advertisement" requirement under CPLR 308 (6). Further, Zhang contends that he first put plaintiff on notice of its defective service

6

by filing a motion to dismiss the original complaint on July 15, 2025. Despite doing so, Zhang submits plaintiff did nothing to cure its defective service. Zhang thus argues plaintiff cannot demonstrate any reasonable diligence for which the court could find good cause necessary for granting an extension of time to serve under CPLR 306-b.

### Discussion

"A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence utterly refutes the complaint's factual allegations, conclusively establishing a defense as a matter of law" (*Gorbatov v Tsirelman*, 155 AD3d 836, 837 [2d Dept 2017] [citations omitted]). "In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the complaint's 'four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law'" (*Stewart Tit. Ins. Co. v Bank of N.Y. Mellon*, 154 AD3d 656, 662 [2d Dept 2017] [*citing to Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*id.* [citations omitted]).

Here, to the extent the Harmonia Defendants seek to dismiss the FAC on the ground that plaintiff acquired its membership interests in the MR Entities in a manner that violated New York's LLC Law, the Harmonia Defendants fail to establish that, as a matter of law, dismissal is warranted on this basis. In addition, there is no reason to dismiss Qi as an individual defendant for the reason stated by plaintiff, namely, the FAC alleges direct wrongdoing by Qi. The allegations against Qi, as plead, are sufficient to withstand a motion to dismiss.

7

[* 7]

As for the Harmonia Defendants' argument that many of plaintiff's causes of action are duplicative or fail to state a claim, construing the complaint liberally and accounting for plaintiff's desire to plead in the alternative, the court finds that plaintiff's causes of action for unjust enrichment, fraudulent concealment (but not fraud), negligence, gross negligence, willful misconduct, intentional interference with contractual relations and negligent interference with contractual relations are all duplicative of one or more of the surviving causes of action as against the Harmonia Defendants. As such, these claims are dismissed as against them. The remaining claims are sufficiently plead under the circumstances.

Turning to Zhang's motion to dismiss, "CPLR 308 (2) permits personal service on a natural person by delivering a copy of the summons within this State to a person of suitable age and discretion at the actual place of business of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner" (*Vid v Kaufman*, 282 AD2d 739, 739-740 [2d Dept 2001]). Pursuant to CPLR 308 (6), "actual place of business" includes any location that the defendant, through regular solicitation or advertisement, has held out as its place of business (*id.* at 740). It is undisputed that the address where Zhang was served is both Qi's residence as well as the official address for Harmonia. Plaintiff fails to dispute that Zhang is not present at the subject address with any regularity. Plaintiff's proof is also insufficient to demonstrate that Zhang, as CFO of Harmonia, held out the subject address as his actual place of business within the meaning of CPLR 308 [6]. Rather, plaintiff's proof only demonstrates that Harmonia's business address is 161 West 61st Street and that Zhang is the CFO of Harmonia. Thus, Zhang established that he was not properly served. Accordingly, the court lacks jurisdiction over Zhang and the FAC must be dismissed as against him. This determination is without prejudice to plaintiff seeking relief under CPLR 306-b.

**8**

[* 8]

## Conclusion

Based on the foregoing, the Harmonia Defendants' motion to dismiss the FAC (MS 6) is granted to the extent that plaintiff's claims for unjust enrichment, fraudulent concealment, negligence, gross negligence, willful misconduct, intentional interference with contractual relations and negligent interference with contractual relations are dismissed as against them. The motion is otherwise denied. Zhang's motion to dismiss the complaint as against him for lack of personal jurisdiction (MS 7) is granted. Plaintiff's FAC is dismissed as against him.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

**HON. REGINALD A. BODDIE
J.S.C.**

9

[* 9]